Zimmers, Executor, Respondent, vs. St. Sebastian's Congregation of Milwaukee, Appellant.*

*February 5—March 6, 1951.*

---

* Motion for rehearing denied, with $25 costs, on May 8, 1951.

For the appellant there was a brief by *Dougherty, Arnold & Waters* of Milwaukee, and oral argument by *Suel O. Arnold.*

*Arlo McKinnon* of Milwaukee, for the respondent.

GEHL, J. For more than a quarter of a century St. Vincent de Paul Society, hereinafter referred to as the "society," had been meeting on Friday evenings, on most occasions in one of the basement rooms of the defendant's church building. It was customary for the parish buildings to be locked in the evening. Under an arrangement between the congregation and the society, keys to the locks were given to two of the latter's members. It was the practice of one of the members holding such keys to unlock the door leading into the basement for the admission of the society's members, and to turn on the lights. After the meetings which usually lasted about an hour some of the members remained to play cards, whereupon it was the custom of one of them to turn off the lights and lock the door. It had been the practice of the card players, under a promise to do so, to pay for the electricity used in the card room. One of plaintiff's witnesses testified that it had also been their practice and that they had promised to turn off the light in the lavatory customarily used by them by each of the members after having finished using it. Others of the plaintiff's witnesses testified, however, that there had been no such promise, and that they had not, as a matter of practice, turned out the lavatory lights after use of it by the members.

After the meeting of the society had been opened on the evening of November 14, 1941, and while its members were

still in the card room, the defendants Spilker and Verfurth, who had previously been playing on an upper floor of the church building, went into the basement, turned on the light in the lavatory and stretched a wire between the lower hinge of the door leading into the lavatory and some part of one of the lavatory stalls. The wire was strung so that its lowest part was some six to ten inches above the level of the floor. The boys did not turn out the lavatory light when they left the room.

The janitor who had been in the building for some time left at about 8:15 p. m., but before leaving turned off the lavatory light switch which was on a wall just inside the door leading to the lavatory and to its right as one entered.

Matthew Zimmers had been a member of the congregation since 1917 and had been in the habit of attending the meetings of the society and attended its meeting of November 14, 1941. Sometime after the boys had left the lavatory Mr. Zimmers went in as he had done on previous occasions. He testified that to reach the lavatory he went through a dark hall; that when he entered the lavatory that room was dark and that at about the same time that he opened the door he reached in to turn on the lavatory light. After he had turned on the light in the lavatory he attempted to push open a door leading into one of the stalls which act pulled up the wire previously fastened by the boys and the wire caused him to trip and fall backward, thereby sustaining rather serious injuries. He was found lying on the floor of the lavatory sometime later by some of the members of the card-playing group.

It is not disputed that in certain circumstances a religious institution may be accountable for a violation of the safe-place statute. The congregation contends, however, that the evidence does not support the finding of the jury that there was such violation on its part. It contends:

A. That there was no provision of any building code requiring a light to burn continuously in the lavatory and that the court erred in permitting the code to be received in evidence. The existence or nonexistence of a code requirement is immaterial. Failure to properly light a building or a part thereof subject to the safe-place statute is a violation and presents a question for the jury. *Heiden v. Milwaukee,* 226 Wis. 92, 275 N. W. 922; *Wilson v. Evangelical Lutheran Church,* 202 Wis. 111, 230 N. W. 708. The congregation was not prejudiced by the receipt in evidence of the code.

B. That plaintiff did not prove that an agent, servant, or employee of the congregation turned off the light in the lavatory. This contention requires an examination of the bill of exceptions, no appendix having been filed. The congregation's janitor testified that he turned off the light after the boys left the building and before Mr. Zimmers entered the lavatory.

C. That the congregation had no knowledge that the light in the lavatory was not burning before Mr. Zimmers was injured. It cites *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595, as authority for its contention that such knowledge must be established. In that case the court recognizes the rule that if a light is turned off by someone for whose act the owner of the building is responsible the plaintiff has met the burden of establishing liability. The congregation's employee, the janitor, turned off the light.

D. That the society was a tenant and therefore the congregation is not liable for the failure to maintain a light in the lavatory. The society was a licensee, not a tenant. It had no more than bare authority to use the meeting room and lavatory without possessing any estate in the land or property. *Vicker v. Byrne,* 155 Wis. 281, 143 N. W. 186. Its use of the rooms was under a revocable privilege granted

by the congregation, which distinguishes its status from that of a tenant. 33 Am. Jur., Licenses, p. 398, sec. 91; 53 C. J. S., Licenses, p. 806, sec. 79. Where the privilege of user exists "for the mere pleasure and benefit of the party exercising the privilege, it will be held to be a case of license." 2 Thompson, Real Property (perm. ed.), p. 397, sec. 711.

We have no difficulty in determining that there was ample evidence to support the jury's finding that the congregation was guilty of a violation of the safe-place statute with respect to its failure to have the lavatory lighted.

The congregation contends that there is no evidence to sustain the finding that its failure caused Mr. Zimmers to fall. For the purpose of demonstrating the conditions existing when Mr. Zimmers entered the lavatory we have attached Exhibit 7.

Exhibit 7.

The boys had attached the wire to the lower hinge of the door leading to and from the lavatory and strung it to the second or center stall post. An examination of the exhibit will disclose that Mr. Zimmers' legs must have struck the wire almost simultaneously with his entry into the lavatory. Had he not been distracted by the necessity of turning on the light he might have seen the wire in time to have avoided striking it. The jury might also have considered that his view of the room was impaired by the fact that he entered from a dark hall into a room suddenly lighted by a two hundred watt lamp. Mr. Zimmers testified that the lavatory was dark; that as he opened the outer door he turned the switch, and that when he put pressure on the stall door to open it he struck the wire and fell. The question whether there was causal connection between the congregation's failure and Mr. Zimmers' injury was for the jury. *Heiden v. Milwaukee, supra; Helms v. Fox Badger Theatres Corp.* 253 Wis. 113, 33 N. W. (2d) 210. It was for the jury to determine whether the failure to keep the lavatory lighted "made any physical or other contribution to the accident." *Schultz v. Brogan,* 251 Wis. 390, 29 N. W. (2d) 719.

"If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability." Restatement, 2 Torts, sec. 439, p. 1184.

It is contended by the congregation that the court erred in refusing to adjudicate the question of contribution between the congregation and the defendants, Verfurth and Spilker. No claim for contribution was made by the congregation until after verdict when it moved for leave to serve and file a cross complaint against Verfurth and Spilker seeking

affirmative relief by way of contribution. Other motions, all going to the matter of contribution and the amount to which plaintiff might recover from the congregation, were made at the same time. All were denied.

Before the trial Mr. Zimmers had executed to defendant Verfurth a covenant not to sue, reserving his right to continue the suit against the other defendants. Claim is made by the congregation that during the trial a similar settlement was made with defendant, Spilker, and the defendants Edward and Margaret Markwiese. The congregation had no notice of these settlements prior to the trial. All of the parties were in court. All the evidence necessary for the determination of the congregation's right to contribution, except the covenants given to Spilker, was in. We are of the opinion that the court should have granted the congregation leave to serve and file a cross complaint for contribution against Verfurth and Spilker; that there was an abuse of discretion in its refusal to do so.

This court has recognized that it is unusual to award judgment to one who has not asked for it. But it has, in a situation almost identical with that here existing, recommended and approved the practice of determining the issue of contribution between joint tort-feasors though not raised by the pleadings. *Haines v. Duffy*, 206 Wis. 193, 198, 240 N. W. 152. The court there said:

"Where the record discloses all the facts which entitle one of the defendants to contribution from the other, it is but a short cut to the attainment of the ends of justice to treat the pleadings as amended and to award judgment for contribution."

We might, under some circumstances, determine here what, if any, right to contribution the congregation is entitled to. However, it appears that such determination depends in part upon the contents of the covenants given by the plaintiff. That given to Verfurth is in the record, but

that given to Spilker is not here.  Unless the parties agree that the latter need not be considered upon the matter of contribution it should be returned to the record from which it was, upon leave therefor, withdrawn.

There need be no further proceedings with respect to the issues of negligence or that of damages.

There is no appendix.  For that reason appellant should not have costs.

*By the Court.*—The judgment in so far as it affects the determination of the question of causal negligence on the part of the defendants and the damages sustained by the plaintiff as a result of such negligence is affirmed.  The order of March 28, 1950, in so far as it denies the motion of St. Sebastian's Congregation for leave to serve and file a cross complaint against the defendants Spilker and Verfurth is reversed.  The cause is remanded for a new trial solely upon the issues raised by the cross complaint.  No costs will be allowed, appellant to pay the fees of the clerk of this court.

---

\* Motion for rehearing denied, without costs, on May 8, 1951.