MacPHERSON, Respondent, vs. STRAND and others, Appellants.

*October 7—November 5, 1952.*

For the appellants there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Fred E. Steele*.

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale*.

BROADFOOT, J. The defendants, a father and two sons, formed a partnership in the year 1936, and since then have been engaged in the business of manufacturing, bottling, and selling soft drinks at wholesale. In 1937 they employed the plaintiff to do their bookkeeping and accounting. He performed these services for the defendants until February, 1949. The account for such services was settled between the parties up to and including June 30, 1946. The claim at issue is for services from and after July 1, 1946. The plaintiff also performed similar services for others. During the period in question, the business of the defendants expanded in volume of sales, in employees, and in the number of trucks used in the distribution of their product. The business of the plaintiff also expanded, and it was necessary for him to hire additional help. A large part of the account was based upon the services of plaintiff's employees.

The defendants attack the account for several reasons. They contend that they employed the plaintiff to do their

work personally. Defendants had agreed to pay the plaintiff a certain hourly wage for his services and they object to the payment of his employees at the same rate. They further contend that the employees in particular charged for an unreasonable number of hours for the amount of work involved.

The agreement between the parties was oral, and like most such oral agreements it is marked by the omission of pertinent details. About the only points actually covered by the agreement were that the plaintiff was to perform the services and that he was to receive a stipulated hourly wage. The hourly wage was twice amended by agreement and there is no dispute between the parties on that issue. In such cases the law implies certain of the omissions. For example, an employee impliedly agrees that he is competent to perform the services and that he will perform them honestly and faithfully. Nor can he substitute the services of another to perform the work in his place without the consent of his employer. This consent may be express or implied.

Originally the work was done at the office of the defendants but as the plaintiff's business expanded he opened an office in his own home, where both he and his assistants worked. All or most of the defendants' books were taken to plaintiff's house and except for some minor details the work was done there. Data such as sales slips, canceled checks, etc., which were required to be posted in the defendants' books, were sometimes picked up at the defendants' office by the plaintiff or one of his employees, and sometimes this data was taken to plaintiff's office by one of the defendants. It appears from the record that the defendants knew some of the services were being performed by plaintiff's employees. They made no demand upon the plaintiff to perform the services personally after learning of the substitution. This amounted to an implied consent.

During the hearing before the referee each of plaintiff's employees during the period involved herein appeared as a witness, and testified as to his education and experience in bookkeeping and accounting. Each employee kept a record of the time he or she spent performing such services for the defendants. There was expert testimony as to the value of their services, which indicated that the hourly charge was less than the usual charge for such services in La Crosse. There was no contradiction of the testimony as to the prevailing hourly rate for such services.

In February, 1949, the plaintiff returned the books to the defendants and they employed a certified public accountant from Minneapolis to do their accounting work. Under that arrangement the accountant appeared at the office three or four times each year, and the partners themselves, after proper instruction, did all of the routine bookkeeping. This accountant testified that he was present during all of the hearing before the referee and he gave as his expert opinion that the bookkeeping and the accounting services of the plaintiff should have been performed in two days per month with an additional hour per month for each extra truck involved, and with time spent on the preparation of income-tax returns in addition. An inference might be drawn from his testimony that the plaintiff had charged for an unreasonable number of hours, but the witness testified that he had not reviewed the work actually done by the plaintiff and his employees, and it is apparent that he was basing his opinion upon his own arrangement with the defendants whereby they performed many of the services formerly performed by the plaintiff. The plaintiff testified that in addition to posting the books, he made out customers' statements each month, drew a trial balance each month, checked bank balances, and made out reports to the industrial commission, social-security reports, unemployment-compensation reports, withholding-tax slips and reports, and prepared the income-tax returns. Each em-

ployee of the plaintiff was paid by him for the hours charged to the defendants.

The findings of fact by the referee were general. No specific finding as to the reasonable number of hours involved was made. No such specific finding was requested. The court upon reviewing the report of the referee did not amend the same by including such a finding. On this matter the trial court stated the following:

"The finding of the referee is a general finding in favor of the plaintiff and as such it is a finding of a reasonable number of hours if so required.

."It is the duty of an employee to use a reasonable degree of diligence in performing the tasks assigned to him by his employer and in this instance to complete the accounting work in a reasonable number of hours.

"In the present case we have a contract to do the accounting work for $1.75 per hour. The plaintiff has shown the contract and the number of hours worked. It is not the burden of the plaintiff herein to show that those hours were reasonably necessary, but rather a matter of defense for the defendants to show that they were not reasonably necessary.

"As to what constitutes a reasonable number of hours to perform the necessary work depends upon all the facts and circumstances surrounding the employment and the necessary work."

Sec. 270.33, Stats., provides for a separate finding of fact upon each issue of fact. Sec. 270.35 provides that referees should state the facts found and conclusions of law separately and report their findings. A strict compliance with these provisions is of great assistance to the litigants as well as to an appellate court called upon to review the record. The language of the court in its memorandum decision shows that the reasonableness of the hours charged for was an issue, that it was considered and found in favor of the plaintiff. Under the circumstances we do not deem it necessary to return the case for more specific findings. *United Parcel Service v.*

*Public Service Comm.* 240 Wis. 603, 4 N. W. (2d) 138, 5 N. W. (2d) 635.

Plaintiff prepared a balance sheet for the defendants as of December 31, 1948. In the list of bills payable attached thereto appears an item of $183.25 due to the plaintiff. The defendants claim that plaintiff should be estopped from claiming or collecting more than that amount, and to do so amounts to a constructive fraud. This matter, too, was before the referee and the court. Again it was treated in an informal way in the memorandum opinion, and it is apparent that the court found against the defendants on this issue. There is evidence in the record that the plaintiff explained to the defendants that this did not include the entire amount of his claim as it had not been entirely posted. The record further shows that the plaintiff was in California during all or a portion of the month of December, 1948, to the knowledge of the defendants. The findings of the referee when confirmed by the court become the findings of the court. The findings of a trial court are not to be disturbed unless against the great weight and clear preponderance of the evidence. *Mohs v. Quarton,* 257 Wis. 544, 44 N. W. (2d) 580. The record contains sufficient evidence to support the findings and, under the rule cited above, they cannot be disturbed.

*By the Court.*—Judgment affirmed.