GALEWSKI, Plaintiff and Respondent, vs. NOE and wife, Defendants and Appellants: VILLAGE OF FOX POINT, Intervening Defendant and Respondent.

*January 6—February 2, 1954.*

8

For the appellants there was a brief and oral argument by *Joseph A. Barly* of Milwaukee.

For the respondent there was a brief by *Shea & Hoyt* of Milwaukee, and for the intervening respondent by *Maxwell H. Herriott,* attorney, and *Maxwell H. Herriott* and *Laurence E. Gooding, Jr.,* of counsel, both of Milwaukee, and oral argument by *Mr. Herriott.*

BROADFOOT, J. The appellants first contend that the reservations in the various deeds by the Calumet Land Company did not constitute a complete dedication of the land so reserved for a public highway. They contend that in Wisconsin five elements are necessary for a complete dedication: "(1) An absolute dedication; (2) a setting apart; (3) surrender to the public use of the land by the proprietors; (4) an acceptance; (5) a formal opening by the proper authorities or a use equivalent to such acceptance or opening." They cite *Mahler v. Brumder,* 92 Wis. 477, 482, 66 N. W. 502, as authority therefor. In that case the court used the following language:

"The law is well settled that, to constitute a public street or highway by dedication, there must not only be an absolute dedication,—a setting apart and a surrender to the public use of the land by the proprietors,—but there must be an acceptance and a formal opening thereof by the proper authorities, or a user which is equivalent to such acceptance and opening."

We do not so interpret what was there said. In the *Mahler Case,* the court was dealing with a plat which was submitted to the common council for acceptance, but which the council refused to accept. Even so, the language quoted therefrom can only mean that in order to have an absolute and complete dedication there must be a setting apart and surrender, which means an offer of the land for public use, and an acceptance thereof. Wisconsin follows the general rule as illustrated by the following quotation from *Knox v. Roehl,* 153 Wis. 239, 243, 140 N. W. 1121:

"The essential requisites of a valid common-law dedication are that there must be an intent to dedicate on the part of the owner and an acceptance of the dedication by the proper public authorities or by general public user."

Dedications or offers thereof need not be in writing, nor in any particular form. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication. The trial court found that the Calumet Land Company intended to dedicate for street purposes a strip of land 50 feet wide from Calumet road north to the north line of its property, said strip being 55 feet wide south of the north line of the property of the defendants Noe.

In 1926 the land company prepared a map of its property subdivided into more than 50 parcels or lots. The appellants objected to the use of this map because it was not an official statutory plat. It does not contain a surveyor's certificate nor a dedication by the owners, nor was it ever recorded. It was not offered nor received as such. It was known to the village authorities and for convenience they used the parcel or lot numbers designated upon said map. This map showed Holton street as referred to in the above finding by the trial court. The trial court also had before it the substance of the deeds to the parcels bordering on Holton street, in each of which there was a reservation of 25 feet for street purposes. The trial court used the parcel numbers from the map as a matter of convenience in its memorandum decision and in its findings of fact and conclusions of law. The village also used these parcel numbers in its tax roll. It was established that from the year 1925 there was a fence running north and south across the easterly side of the property now owned by the appellants which was located 25 feet west from the center line of Holton street. Thus the finding by the trial court of the intention of the land company to dedicate for street purposes the land outlined on its map was well supported by the

evidence. From the record before us there could be no other finding.

The next question to be determined is whether or not there was an acceptance by the proper public authorities or by general public user. The record discloses that the Galewskis occupied their parcel of land from and after the year 1925. Although the street was unimproved, the Galewskis and others used the same whenever it was passable. Groceries, milk, laundry, bakery products, and fuel were delivered to the Galewskis by trucks driving to their property from Calumet road. The Galewskis and their friends also drove their cars over Holton street. The village of Fox Point plowed out the snow thereon from 1940, and the village trucks, from 1932, drove to the Galewski property over said street to remove the rubbish. The village fire department also used said street. The whole width of Holton street was used for the said purposes up to 1932, but since that time only the east portion thereof has been used because the same is located on higher ground. The Galewskis improved the easterly portion of Holton street by placing ashes, cinders, and gravel thereon and in 1940 the village of Fox Point improved said street by grading and graveling.

Although the village did not officially accept Holton street as a public street until 1952, it did recognize its existence prior to that time. Holton street appeared on certain maps in the office of the village engineer from the year 1926. From 1926 reference was made to lots on the map prepared by the land company by using the parcel numbers appearing thereon. Poll lists prepared as early as 1932 designated the Galewski residence as being on Holton street. Plans for the installation of water and sewer on Holton street were made in 1937. Sewer and water were installed on Calumet road in 1937 and the Galewskis were assessed at that time for future benefits they would receive when water and sewer mains were extended north in Holton street.

The trial court found that the general public has used Holton street from the Galewski property to Calumet road as a public highway since 1925, and it found as a conclusion of law that the land known as Holton street and as indicated on the land-company map was accepted by public user. The record supports these findings fully and completely. Public user for a considerable length of time constitutes an acceptance by the public of a common-law dedication. *Smith v. Beloit,* 122 Wis. 396, 100 N. W. 877.

The village made a formal acceptance of Holton street in April, 1952. The appellants contend that the lapse of time constituted abandonment of the offer to dedicate. It is not necessary that a municipality accept and open a street for public use until the public necessity requires it. *Reilly v. Racine,* 51 Wis. 526, 8 N. W. 417; *State v. Leaver,* 62 Wis. 387, 22 N. W. 576; *Ashland v. Chicago & N. W. R. Co.* 105 Wis. 398, 80 N. W. 1101. Upon a formal acceptance by the municipality it becomes liable for the repair and maintenance of the street and for damages that might result from defects therein. Accordingly the municipality may accept land offered to it for street purposes at any time before the offer is withdrawn.

The appellants state that there was a revocation because they used a portion of the 30-foot strip for garden and by placing obstructions therein. It is true that the owner of land may revoke or withdraw his offer of dedication before it is accepted by the municipality, unless the rights of private persons have intervened. The use of a portion of the 30-foot strip by the appellants was not inconsistent with its use as a street until they began placing obstructions therein. Their acts did not constitute a revocation, for public rights to travel thereon had already been established before such acts by the appellants. These rights had been acquired before the Noes purchased their land.

The appellants also contend that the village is estopped to assert a dedication because it collected real-estate taxes on the 30-foot strip and because it collected special assessments for sewer and water installed on Calumet road for the full width of the appellants' property abutting on said street, including the 30-foot strip, and for the further reason that certain zoning maps prepared by the village do not show Holton street thereon.

It is the law of this state that a municipality may be estopped by certain acts from claiming that a given area is a street. However, testimony to establish an estoppel against a municipality must be clear, distinct, and of such a character as to amount to a fraud, and this rule is never applied as freely against the public as against private persons. *Ashland v. Chicago & N. W. R. Co.* 105 Wis. 398, 80 N. W. 1101. The record discloses that the appellants did not pay real-estate taxes upon the 30-foot strip. The assessor testified that assessments in Fox Point were not made on an area basis but only upon what was known as a homesite basis. The evidence as to the collection of a special assessment for future installation of sewer and water is inconclusive. There is an exhibit indicating that the 30-foot strip was included in the frontage assessment. However, there was an allowance made upon this exhibit that may have compensated therefor. Certainly the testimony is not of the character as to amount to a fraud, and it must be remembered that the public rights had already intervened.

The appellants also quote certain statutes which they claim were not complied with. Our statutes do prescribe methods for the dedication of land for highway purposes, but the statutory provisions are not exclusive. We still recognize common-law dedications, and that is what we have here.

The appellants also contend that the court erred in permitting an amended complaint to be filed at the time of trial which alleged that the village of Fox Point had accepted

Holton street as a public highway by a resolution adopted on April 8, 1952. This allegation was already contained in the answer of the intervening defendant, village of Fox Point, and clearly the amendment did not prejudice the appellants.

Appeal was also taken from the order of July 23, 1953, denying appellants' motion to vacate the decision, or in the alternative to restrain the plaintiff and the village of Fox Point from entering findings of fact, conclusions of law, and a judgment because of noncompliance with sec. 270.33, Stats., which reads as follows:

*"Trial by court; findings, judgment.* Upon a trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within sixty days after submission of the cause, and shall state separately the facts found and the conclusions of law thereon; and judgment shall be entered accordingly."

The decision states that briefs were filed by the parties. The record, however, does not disclose when the trial judge received the last briefs, so that we are unable to determine the date when the cause was submitted. This section was formerly numbered 2863. In *Klatt v. Mallon,* 61 Wis. 542, 543, 21 N. W. 532, it was held:

"This court has repeatedly held that that statute, so far as it limits the time for filing the findings and decision of the court, is directory, and that it is not error to make and file them after the expiration of the twenty days. *Cramer v. Hanaford,* 53 Wis. 85; *Ottillie v. Waechter,* 33 Wis. 252; *Williams v. Ely,* 13 Wis. 1; *Body v. Jewsen,* 33 Wis. 402."

In the case of *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195, it was held that the provision of the statute for the filing of a written decision is directory only, and that a valid judgment may be pronounced orally in an action tried by the court. The motion was properly overruled.

*By the Court.*—Judgment and order affirmed.

STEINLE, J., took no part.