KAMUCHEY, Respondent, v. TRZESNIEWSKI, Appellant.

*September 10—October 6, 1959.*

For the appellant there were briefs by *Drought, Groote-maat & Cook,* attorneys, and *Robert E. Cook* and *Louis Maier* of counsel, all of Milwaukee, and oral argument by *Robert E. Cook.*

For the respondent the cause was submitted on the brief of *Mathew Horwitz* of Milwaukee.

HALLOWS, J.   The basic question on appeal from the judgment is whether the defendant committed fraud by representation or concealment and whether the evidence sustains the findings.

The defendant was the lessee of a restaurant in Milwaukee which he subleased to Verna Biesik, who desired to quit the restaurant business and be relieved of her lease.  In response to a newspaper advertisement for the sale of the restaurant and sublease the plaintiff had negotiations with the defendant. During these negotiations the defendant told the plaintiff the terms of sale of the restaurant fixtures and lease would be $60 a month payment on the fixtures and whatever balance the defendant could get and "heat the place yourself with $100 a month rent."  The plaintiff, subsequently, in purchasing the property and entering into a sublease with the defendant, paid $500 down on the purchase of the fixtures, $60 on the rent, and $20 expense for preparing the sale papers and the sublease.  The lease of the restaurant provided "will obtain a licensed fireman to service boiler and will heat at own expense."

The restaurant was a part of a building which also contained a small tavern and a second-floor hall which was rented out.  One furnace, located in the basement, heated the entire building.  This was not known or understood by the plaintiff prior to the signing of the lease although he had previously inspected the building.  The plaintiff made no inquiries of the defendant about the heating or the furnace and purchased the coal and the restaurant supplies on hand from Biesik.  About two weeks after taking over the restaurant the plaintiff rescinded the contract of purchase and lease claiming he had been defrauded and brought this suit for damages.

The findings of fact are challenged by the defendant on the ground that there is no evidence to sustain fraud. Fraud must be proven by clear and satisfactory evidence, which requires a higher degree of proof than in ordinary civil cases. *Schroeder v. Drees* (1957), 1 Wis. (2d) 106, 83 N. W. (2d) 707; *Eiden v. Hovde* (1952), 260 Wis. 573, 51 N. W. (2d) 531. See 1954 Wisconsin Law Review, 182, for a list of cases.

Finding of fact No. 2 states:

"2.   That for the purpose and with the design of deceiving and defrauding the plaintiff and inducing him to purchase the restaurant fixtures and lease, the defendant, at the time of said offer and during the negotiations informed plaintiff that it was only necessary to heat the premises in which the restaurant was located and concealed the fact that it was necessary for plaintiff to pay for the heat of the entire building in which the restaurant was located in addition to the restaurant premises."

We find no evidence in the record that the defendant informed the plaintiff it was only necessary to heat the premises in which the restaurant was located. The plaintiff testified he was told by the defendant "heat the place yourself with $100 a month rent." The lease provided "will heat at own expense." The trial court and the circuit court on appeal took the view that these words meant the restaurant portion of the building only and it was so understood by the plaintiff. The defendant contends he meant the whole building and sought to introduce in evidence his prior lease with Biesik. Whether or not it was error to exclude this sublease from the evidence we need not decide because it does not appear that the defendant knew of the construction the plaintiff put on these words or that the plaintiff was ignorant of the fact that there was only one furnace to heat the whole building. Perhaps on a construction of the lease it might be held

that the lease only required the plaintiff to heat the restaurant portion of the building, but the construction of the lease is not before us. The existence of one furnace to heat the entire building does not necessarily give rise to concealment by the defendant. Even under the interpretation of the lease placed upon it by the defendant the heating cost could be prorated. The real dispute here is over the heating clause of the lease. Here the plaintiff decided he had been defrauded and rescinded the contract based on his interpretation of the clause. The obligations of a contract would mean nothing if every disputed term thereof is a basis of rescission for fraud.

The complaint alleges only concealment of the fact that it was necessary for the plaintiff to pay for the heating of the entire building. Mere silence is not a representation. It implies no purpose or design. Active concealment consists of a suppression of a fact and implies a purpose or design. 23 Am. Jur., Fraud and Deceit, p. 851, sec. 77. We find no evidence in the record that the defendant suppressed any fact or intended to deceive the plaintiff or that his silence under all the circumstances amounted to a concealment.

The defendant also contends that the evidence showed a mistake of fact and, since the plaintiff rescinded the contract and was allowed to recover the amount of his down payment, the theory of recovery must have been based on equitable principles, which jurisdiction the civil court does not possess. Without a memorandum opinion and in view of the findings it is impossible for this court to determine what the theory of recovery was. The circuit court took the view that the action was for the recovery of money paid on the purchase of the restaurant fixtures based on the plaintiff's rescission of his contract and sustained the findings and conclusions of the trial court. An action to recover on a contract which has been rescinded because of fraud is within the jurisdiction of a court of law. 24 Am. Jur., Fraud and Deceit, p. 20, sec. 199.

The plaintiff did not ask the court to rescind the contract; he rescinded it himself. We believe the action was within the jurisdiction of the civil court on this theory.

We note with concern that the findings and conclusions were signed and entered without first submitting them to opposing counsel as required by Rule 6 of the Rules of the Civil Court of Milwaukee county. This rule provides:

"Before submitting to the court any memorandum, brief, affidavit, or proposed order, findings, requested instructions, of [or?] verdict, a copy should always be served upon opposing counsel. The foregoing shall not apply to affidavits annexed to orders to show cause and such orders to show cause."

The rule is a good one and should be followed as a matter of practice in all trial courts. Fairness to the parties involved in the litigation and to the court commends it. Greater efficiency in the administration of justice, more-accurate findings, and less appeals would result.

The circuit court was of the opinion that the civil court suspended this rule and had the power to do so. The record does not disclose whether there was a suspension or whether the court knew of the violation or whether the court assumed the rule was complied with. While the court has the power to suspend its own court rules of practice, such power should not be exercised when it would seriously affect a substantial right of one of the parties. *Loose v. State* (1903), 120 Wis. 115, 97 N. W. 526; 14 Am. Jur., Courts, p. 361, sec. 157. It is also true that sec. 270.33, Stats., 33 W. S. A., p. 6, was not complied with by the trial court. This section provides in part that upon a trial of an issue of fact by the court its decision shall be given in writing and filed with the clerk within sixty days after submission and shall state separately the facts found and the conclusions of law thereon but has been held to be only directive. *Wallis v. First National Bank*

(1914), 155 Wis. 533, 145 N. W. 195 (a written opinion); *Galewski v. Noe* (1954), 266 Wis. 7, 62 N. W. (2d) 703 (as to the sixty days within which a decision should be filed). However, strict compliance with this section is of a great help to the litigants and to an appellate court. *MacPherson v. Strand* (1952), 262 Wis. 360, 55 N. W. (2d) 354.

It is understandable that under the practice and procedure of Title XXVIII, chs. 300 to 307, Stats., relating to justices of the peace, written decisions and findings would be burdensome on the court and are not required by rules of practice. *Forkenbridge v. Excelsior Mut. B. & L. Asso.* (1942), 240 Wis. 82, 2 N. W. (2d) 702. But the civil court was trying this case under the rules of practice relating to circuit courts. Sec. 14.2 Milwaukee County Civil Court Act, 44 W. S. A., p. 66, sec. 196–14, 2. The failure of the trial court to write a decision making specific findings is not necessarily reversible error. *Dâmman v. Damman* (1911), 145 Wis. 122, 128 N. W. 1062; *Chippewa Bridge Co. v. Durand* (1904), 122 Wis. 85, 99 N. W. 603.

Here formal findings were signed by the court. They were prepared by counsel for the prevailing party without the benefit or guidance of the court's decision or opinion, either oral or written. When the trial judge signed such findings and conclusions they became the findings and conclusions of the trial judge and the responsibility of their correctness became his. *Galusha v. Sherman* (1900), 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417. The procedure followed in this case, of the nonobservance of sec. 270.33, Stats., of drafting the findings by counsel without any guidance from the trial court, and of not submitting such proposed findings to opposing counsel for objection before the adoption of such formal findings and conclusions by the court, must be condemned in the interest of justice.

The other questions raised by the defendant need not be decided.

. *By the Court.*—The judgment of the circuit court is reversed, with instructions to enter a judgment reversing the judgment of the civil court and ordering the complaint dismissed.