MERKLEY, Appellant, v. SCHRAMM and another,
Respondents.*

*April 11—May 13, 1966.*

* Motion for rehearing denied, with costs, on July 1, 1966.

For the appellant there was a brief and oral argument by *Edward Rudolph* of Milwaukee.

For the respondent Maxine Schramm there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Bernard J. Hankin.*

For the respondent Richard Schramm there was oral argument by *Dean S. Cady* of Milwaukee.

WILKIE, J. To begin with it is necessary to consider appellant's contention that the trial court did not comply with the provisions of sec. 270.33, Stats.,[1] in that he did not render and file his decision on the cause within the sixty-day period prescribed by the statute. Although the court's decision dismissing plaintiff's complaint against Richard Schramm was made directly from the bench at the close of testimony on December 10, 1964, his decision was not made dismissing plaintiff's complaint against Maxine Schramm until May 10, 1965. The findings of fact mention that briefs were filed and there is a statement by counsel that the briefs were in the hands of the court before Christmas. Thus it is apparent as to this part of the case the trial court did not comply with the provisions of sec. 270.33. The provision concerning the sixty days within which a decision should be filed has been held to be only directive.[2] Accordingly, it was not error here to file the court's tardy decision. Although such a delay under the circumstances was not error, for the sound administration of justice, we repeat what we said in *Kamuchey v. Trzesniewski:* [3]

". . . strict compliance with this section is of a great help to the litigants and to an appellate court." [4]

The trial court's decisions, and findings of fact and conclusions of law, which were couched in terms of a failure by appellant to meet her burden of proof, will be

---

[1] "270.33 **Trial by court; findings, judgment.** Except in actions and proceedings under ch. 299, upon a trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within 60 days after submission of the cause, and shall state separately the facts found and the conclusions of law thereon; and judgment shall be entered accordingly."

[2] *Galewski v. Noe* (1954), 266 Wis. 7, 16, 62 N. W. (2d) 703; *Kamuchey v. Trzesniewski* (1959), 8 Wis. (2d) 94, 101, 98 N. W. (2d) 403.

[3] *Supra*, footnote 2.

[4] *Kamuchey v. Trzesniewski, supra,* footnote 2, at page 101, citing *MacPherson v. Strand* (1952), 262 Wis. 360, 55 N. W. (2d) 354.

interpreted, for purposes of this opinion, as a positive determination that under the circumstances (1) Maxine Schramm was not negligent either in regard to a safe-place violation or at common law, and (2) Richard Schramm was not negligent. Thus, two issues are raised on this appeal.

*First:* Is the trial court's determination that Maxine Schramm was not guilty of negligence (1) under the safe-place statute, or (2) at common law, against the great weight and clear preponderance of the evidence?

*Second:* Is the trial court's determination that Richard Schramm was not negligent against the great weight and clear preponderance of the evidence?

*Maxine Schramm's Negligence Under Safe-Place Statute.*

It is well settled that the failure to properly light a building or a part thereof subject to the safe-place statute constitutes a violation of the statute.[5] Any negligence on the part of Maxine Schramm under the safe-place law must arise out of inadequate lighting in the hallway. On searching the record the following summarizes the pertinent testimony.

Two policemen who had gone to the rooming house to aid appellant after the fall, and the plaintiff, all testified that the hall was dimly lit. Thomas Dustin, a consulting electrical engineer, took a light measurement at a point directly below the light fixture and directly above the spot where the mishap occurred. The measurement was 2.9-foot candles with a 25-watt bulb. There was testimony by the plaintiff that the bulb was either 25 or 40 watts. Twelve feet down the hall toward Richard Schramm's room the reading was .097-foot candles. Dustin testified that the lighting was inadequate under the

---

[5] *Grabinski v. St. Francis Hospital* (1954), 266 Wis. 339, 63 N. W. (2d) 693; *Zimmers v. St. Sebastian's Congregation* (1951), 258 Wis. 496, 46 N. W. (2d) 820; *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922.

circumstances. When asked how this hallway could be made reasonably safe he said: "I would say it is not reasonably safe." He admitted that someone standing at the beginning of the hallway near Schramm's room could see a person in front of appellant's room. Harry Meinel, an inspector with the Milwaukee health department, knew of no complaints received by the department in regard to the lighting in the rooming house. Stanley Studer, another inspector, stated that although an inspection he made of the premises on January 25, 1963, was more particularly directed toward sanitary conditions, he would have noted any lighting deficiency had one existed.

The trial court impliedly found that the hallway was as safe as the nature of the premises reasonably permitted. That finding is not against the great weight and clear preponderance of the evidence, unless the situation compels a finding that there was a violation of the lighting provisions of the Milwaukee Code of Ordinances which provide:

"(1) In all buildings and structures, except dwellings, row dwellings and multiple family buildings, all public pathways and stairways and all parts thereof, shall be lighted with natural or artificial lighting having an intensity of not less than two and one-half foot candles at the floor line.
"(3) In every building which accommodates four or more families or thirty persons, and in every building which accommodates transients, the public pathways and stairways shall be lighted at all times with artificial lighting as regulated in paragraph one, except that such artificial lighting may be omitted from sunrise to sunset where adequate natural lighting is provided." [6]

Although the ordinance requires "all parts" of the subject buildings to be lighted to the prescribed intensity,

---

[6] Ch. 20-8 (d), Milwaukee Code of Ordinances.

for there to be a safe-place violation based on an ordinance infraction, the violation must be connected with the accident and the inadequate lighting must be at the time and place where the accident occurred. In *Ruplinger v. Theiler* [7] the plaintiff fell on a defective stairway, but it was determined that "the accident or injury did not occur at the place where the defect existed." [8]

In the case at bar, Dr. Bussey testified:

"If he was looking straight ahead he wouldn't see what is in front of him at all or to the side near to him, he would see what was to the side above and below only in this 15 degree central area and the lighting affect wouldn't improve in his blind area at all no matter how bright the light was, there is no vision to the side or above in his blind vision."

In other words, Richard Schramm did not see the plaintiff, not because of insufficient lighting but because of not tilting his telescope in such a way as to locate her in the scope of his 15-degree vision. The trial court concluded:

"Based on the medical testimony by Dr. Bussey it is quite evident that even though there would be more light in this hallway, that unless Richard Schramm was pointing his eyes at a particular point, he would be unable to see outside of the 15 degree range of his vision."

Thus there was evidence to support the trial court's determination that the plaintiff had failed to meet her burden of proof under the safe-place law. Putting it another way, the evidence supports a determination by the court that the accident or injury occurred at a point where the defective lighting did not exist. This determination is not against the great weight and clear preponderance of the evidence and must be affirmed.

[7] (1959), 6 Wis. (2d) 493, 95 N. W. (2d) 254.
[8] *Supra,* footnote 7, at page 496.

If there is no breach of the higher degree of care required in safe-place matters, respondent Maxine Schramm cannot have been guilty of ordinary negligence.[9]

### Negligence of Richard Schramm.

Because Richard Schramm was visually handicapped, he was obliged to conduct himself as an ordinarily prudent person with the same disability would under the same or similar circumstances.[10] This does not mean that he was required to exercise a greater degree of care, but rather that he must do more or put forth greater effort in order to attain the standard of ordinary care.[11] There was testimony that he was either moving at his normal or a slightly brisker speed. He knew the physical layout of the hall, and guided himself by feeling the west wall with his left hand. In regard to his lookout, Schramm testified that he "tried to scan the hallway in the general direction" he was going. He explained that he turned his "eyes from side to side up and down and from side to side." Thus Schramm attempted to ascertain whether his path was clear before navigating down the corridor. He admitted that he did not see her at any time prior to the accident. Either he must have looked and failed to see what was there or he must have failed to focus his tunnel vision at the precise time and spot where the plaintiff was bent low partly in the doorway to her room, dressed in dark clothing.

Considering the entire record a majority of the court is of the opinion that the evidence supports a finding that

[9] *Lealiou v. Quatsoe* (1961), 15 Wis. (2d) 128, 136, 112 N. W. (2d) 193.

[10] Restatement, 2 Torts (2d), p. 18, sec. 283C; Prosser, Law of Torts (hornbook series, 3d ed.), p. 155, sec. 32; 38 Am. Jur., Negligence, p. 895, sec. 210.

[11] *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. (2d) 499, 506, 507, 117 N. W. (2d) 666; 38 Am. Jur., Negligence, p. 895, sec. 210; see also Wis J I—Civil, Part I, 1050.

this defendant exercised sufficient effort to meet the standard of care required of him and that the trial court's finding of no negligence on the part of Richard Schramm is, therefore, not against the great weight and clear preponderance of the evidence.

_By the Court._—Judgment affirmed.

HALLOWS, J. (_dissenting_). I think the owner of the premises did not maintain the hallway in as safe a condition as its nature permitted. She needed only to put a light bulb of greater than 25 or 40 watts in the hall light fixture. The nature of the premises did not prevent this. More light was especially needed in this rooming house where elderly people lived and particularly where one roomer was partly blind. Likewise, the record is clear that Richard Schramm did not use sufficient effort within the limitations of his disability to see the plaintiff whom he bumped into and injured.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice GORDON join in this dissent.