MUSKEGO-NORWAY CONSOLIDATED SCHOOLS JOINT SCHOOL
DISTRICT NO. 9 and others, Respondents, v. WISCON-
SIN EMPLOYMENT RELATIONS BOARD, Appellant.*

*October 6—November 1, 1966.  Original opinion withdrawn.*

*January 11, 1967.  Memorandum granting rehearing setting forth
jurisdictional issues.*

*May 4, 1967.  Memorandum opinion on rehearing deciding
jurisdictional issues.***

* Motion for rehearing granted, January 11, 1967.
** For memorandum opinion on rehearing (jurisdictional issues),
see post, p. 485b.

For the appellant the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general. *William H. Wilker,* assistant attorney general, also argued.

For the respondents there was a brief by *Jack A. Radtke* of New Berlin, attorney, and *Quarles, Herriott & Clemons, Laurence E. Gooding, Jr.,* and *Peter J. Lettenberger* of counsel, all of Milwaukee, and oral argument by *Mr. Gooding.*

A brief *amicus curiae* was filed by *Hart, Kraege, Jackman & Wightman* and *F. Halsey Kraege,* all of Madison, for the Wisconsin Education Association.

A brief *amicus curiae* was also filed by *Ela, Christianson, Ela, Esch, Hart & Clark* and *James F. Clark,* all of Madison, for the Wisconsin Association of School Boards, Inc.

HALLOWS, J.  Because we are of the opinion the circuit court was correct in holding the WERB was without jurisdiction to make findings of fact, conclusions of law and its order eleven months after the matter was finally submitted to it on briefs, we do not reach or decide the important questions of whether the school board violated any of the practices prohibited by sec. 111.70, Stats., relating to the rights of public employees to organize or join labor organizations.

We construe sec. 111.07 (4), Stats., in the light of sub. (12), to be a limitation upon the jurisdiction of WERB and to command the making of findings substantially within a period of sixty days from the hearing of all testimony and arguments of the parties.[1]  The WERB points out that statutes setting time periods within which various officials or agencies are to perform an act are generally construed to be directory and not jurisdictional or mandatory and relies on *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393;

---

[1] "111.07 **Prevention of unfair labor practices.**

". . .

"(4) Within 60 days after hearing all testimony and arguments of the parties, the board shall make and file its findings of fact upon all of the issues involved in the controversy, . . .

". . .

"(12) A substantial compliance with the procedure of this subchapter shall be sufficient to give effect to the orders of the board, and they shall not be declared inoperative, illegal, or void for any omission of a technical nature in respect thereto."

*State v. Industrial Comm.* (1940), 233 Wis. 461, 289 N. W. 769; and *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N. W. (2d) 657.

The difference between what is mandatory and directory lies mainly in the duty to comply and the consequence of noncompliance. Generally, a mandatory provision must be strictly complied with and there is no discretion in the agency or public official. Failure to comply with a mandatory statute renders the proceeding void, while noncompliance with a directory provision does not invalidate the proceeding. But we think the jurisdictional aspect of a mandatory requirement is not lost because a standard of compliance less than literal or strict is provided. Such a standard, while more flexible, is nonetheless a limitation upon the exercise of the power or the performance of the duty. Directory provisions can be permissive, enabling or precatory.

In *State v. Industrial Comm.* (1940), 233 Wis. 461, 466, 289 N. W. 769, the court stated ". . . as a rule a statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation." This is a generalization of the holdings in cases interpreting time provisions of statutes and furnishes some guide of statutory construction for this case. See also 50 Am. Jur., Statutes, p. 49, sec. 28; 82 C. J. S., Statutes, p. 869, sec. 376.

True, in this case there is no language in the statute prohibiting the exercise of the power to issue an order after sixty days, but implicit in the language of sec. 111.07 (12), Stats., which provides that substantial compliance shall be sufficient to give effect to the orders of the board, is the intent that compliance which is not substantial in point of time is fatal. This statutory

language indicates that substantial compliance with the sixty-day period in sec. 111.07 (4) was intended to be a limitation. In this instance we cannot read the word "shall" in sec. 111.07 (4) as "may" or merely precatory. See *Scanlon v. Menasha* (1962), 16 Wis. (2d) 437, 114 N. W. (2d) 791; *Wauwatosa v. Milwaukee County* (1963), 22 Wis. (2d) 184, 125 N. W. (2d) 386; *Worachek v. Stephenson Town School Dist., supra.*

Because of the express language of these sections, it is not important there is an absence of a positive prohibition on the exercise of the power after sixty days. The equivalent of a positive prohibition of excessive delay is stated affirmatively by requiring substantial compliance. Furthermore, it is in the public interest that questions of unfair labor practices be decided expeditiously. Originally, this section as enacted by ch. 57, Laws of 1939, provided "[a]fter the final hearing the board shall promptly make and file its findings . . . ." By ch. 437, Laws of 1949, "promptly" was changed to "within 60 days." If this period is not sufficient for the efficient operation of the WERB, the need should be addressed to the legislature.

We think a nine months' delay beyond the sixty days cannot be said to be substantial compliance. This delay is more than four times the original period allowed for the making of the findings of fact. It is not contended and it cannot be successfully that this delay constitutes an "omission of a technical nature," which is to be disregarded under the mandate of sec. 111.07 (12), Stats. We need not now decide the periphery of delay after the sixty days beyond which compliance would not be substantial. We hold only that the making and filing of the findings of fact after nine months' delay, even considering the length of the record before the WERB and the complexity of the legal questions involved, simply does not constitute substantial compliance with sec. 111.07 (4).

*By the Court.*—Judgment affirmed.

WILKIE, J. (*dissenting*). I would reach the merits of this controversy. I would not hold the failure of the WERB to decide the matter before eleven months to be fatal. In so doing I submit that the majority is really applying a double standard to these proceedings as compared with quite comparable proceedings in the trial courts.

Under sec. 270.33, Stats.,[1] a trial judge is required to make his decision within sixty days after submission of the cause. This section has been ruled directory rather than mandatory,[2] and a five-month delay has been tolerated in the case of *Merkley v. Schram*.[3]

Sec. 111.07 (4), Stats., states that the WERB must also make its findings within sixty days after hearing testimony and argument. It is my opinion that sec. 111.07 (12) is directory rather than mandatory.

"(12) A substantial compliance with the procedure of this subchapter shall be sufficient to give effect to the orders of the board, and they shall not be declared inoperative, illegal, or void for any omission of a technical nature in respect thereto."

To hold otherwise would place a higher standard on administrative agencies than is placed on trial courts.

By not reaching the merits in this case, we may deprive the employees of their remedy through no fault of their own.

I have been authorized to state that Mr. Justice HEFFERNAN joins in this dissent.

[1] "270.33 **Trial by court; findings, judgment.** Except in actions and proceedings under ch. 299, upon a trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within 60 days after submission of the cause, and shall state separately the facts found and the conclusions of law thereon; and judgment shall be entered accordingly."

[2] *Galewski v. Noe* (1954), 266 Wis. 7, 16, 62 N. W. (2d) 703; *Kamuchey v. Trzesniewski* (1959), 8 Wis. (2d) 94, 101, 98 N. W. (2d) 403.

[3] (1966), 31 Wis. (2d) 134, 142 N. W. (2d) 173.

The following memorandum was filed January 11, 1967.

PER CURIAM (*on motion for rehearing*). The motion for rehearing by appellant Wisconsin Employment Relations Board (hereinafter WERB) is granted with respect to the following three issues:

(1) Is noncompliance with the first sentence of sec. 111.07 (4), Stats., by WERB jurisdictional?

(2) If such noncompliance is jurisdictional, should the holding of this court in its original opinion be made applicable to the instant case but prospective only as to all other matters pending before WERB?

(3) If such noncompliance is not jurisdictional, what should be the procedure for enforcing compliance?

Appellant WERB is granted twenty days from the date of this order in which to serve and file any additional brief which it wishes to submit to the court with respect to the above three issues; and respondents are granted fifteen days from receipt of appellant's brief to submit their brief with respect to such three issues.

After receipt of the briefs, the court will notify counsel for the parties if the court wishes to hear oral arguments.

On rehearing the cause was submitted for the appellant on the briefs of *Bronson C. La Follette,* attorney general, and *Beatrice Lampert,* assistant attorney general, and for the respondents on the briefs of *Jack A. Radtke* of New Berlin, attorney, and *Quarles, Herriott, Clemons, Teschner & Noelke, Laurence E. Gooding, Jr.,* and *Peter J. Lettenberger* of counsel, all of Milwaukee.

Briefs *amici curiae* were filed by (a) *Lawton & Cates* and *John A. Lawton* and *David F. Loeffler,* all of Madison, for the Wisconsin Council of County and Municipal Employees (AFL–CIO), United Professional Firefighters of Wisconsin (AFL–CIO), Wisconsin Paid Firefighters Legislative Association, Wisconsin Professional Policemen's Association, Wisconsin County Police, Deputy

Sheriffs, and Radio Operators Association, and the Wisconsin State Employees Association (AFL–CIO); (b) *Goldberg, Previant & Uelmen* of Milwaukee, for the Federation of Teachers & Bakery Sales Drivers Local 344; and (c) *Carston C. Koeller* of Muskego.

The following opinion was filed May 4, 1967.

PER CURIAM (*on rehearing*). After due consideration of briefs submitted on motion for rehearing and pursuant to this court's order granting rehearing, the court's statement of facts is retained and the court's opinion is hereby withdrawn and the following substituted therefor.

A threshold issue presented on this appeal is whether the fact that the Wisconsin Employment Relations Board's order herein was entered more than eleven months after submission of the controversy to it renders that order void and destroys the jurisdiction of the WERB to enter its order herein. Sec. 111.07 (4), Stats., provides that:

"Within 60 days after hearing all testimony and arguments of the parties the board shall make and file its findings of fact upon all of the issues involved in the controversy, and its order, which shall state its determination as to the rights of the parties. . . ."

The question is whether the sixty-day language in sec. 111.07 (4), Stats., is mandatory or directory. Sec. 111.07 (12) provides:

"A substantial compliance with the procedure of this subchapter shall be sufficient to give effect to the orders of the board, and they shall not be declared inoperative, illegal, or void for any omission of a technical nature in respect thereto."

The respondent argues that sec. 111.07 (12), Stats., makes substantial compliance with sec. 111.07 (4) mandatory, and that a decision made by the WERB eleven months after submission of the controversy does not constitute substantial compliance.

In *Worachek v. Stephenson Town School Dist.* this court articulated the tests to be applied in determining whether a statutory provision is mandatory or directory:

" 'There is no well-defined rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intention as disclosed by the terms of the statute, in relation to the scope, history, context, provisions, and subject matter of the legislation, the spirit or nature of the act, the evil intended to be remedied, and the general object sought to be accomplished.' " [1]

The overall purpose of ch. 111, Stats., which must be given overriding consideration, is the promotion of industrial peace through the maintenance of fair, friendly and mutually satisfactory employment relations. This purpose is to be accomplished by the maintenance of suitable machinery for the peaceful adjustment of controversies.[2] The overall policy of the act is not served by an interpretation of sec. 111.07 (4) making the sixty-day requirement mandatory.

In *State v. Industrial Comm.*[3] this court considered the problem of whether a time limitation on an administrative agency was mandatory or directory. The court stated a guiding criterion as follows:

". . . [A] statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation." [4]

No such language prohibiting power after the expiration of sixty days can be found in sec. 111.07 (4), Stats.

---

[1] (1955), 270 Wis. 116, 120, 70 N. W. (2d) 657.
[2] Sec. 111.01 (2), Stats.
[3] (1940), 233 Wis. 461, 289 N. W. 769.
[4] Id. at page 466. See also 67 C. J. S., Officers, pp. 404–406, sec. 114b.

Moreover, there is no substantial reason why the decision rendered cannot be made after the sixty-day limitation as well as before.[5]

The function performed by the WERB in the case at bar was adjudicative. Under sec. 270.33, Stats., a trial judge is required to make his decision within sixty days after submission of the cause. This section has been ruled to be directory rather than mandatory.[6] Analogously, the sixty-day time limitation on the WERB should be directory rather than mandatory, and this holding is not changed by the substantial compliance requirement of sec. 111.07 (12). The purpose of sec. 111.07 (12) is to avoid the evasion of orders made by the board through technical legal defenses. A holding that the sixty-day requirement of sec. 111.07 (4) is merely directory fosters this purpose.

We conclude that the nine-month delay by the WERB in entering its decision and order, while not to be condoned, does not operate to deprive the WERB of jurisdiction. As a result of this ruling we now reach the merits of the controversy and our decision thereon will be forthcoming in due course.

---

[5] *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393.

[6] *Galewski v. Noe* (1954), 266 Wis. 7, 16, 62 N. W. (2d) 703; *Kamuchey v. Trzesniewski* (1959), 8 Wis. (2d) 94, 101, 98 N. W. (2d) 403; *Merkley v. Schramm* (1966), 31 Wis. (2d) 134, 138, 142 N. W. (2d) 173.