MARTIN J. SCHREIBER, Lieutenant Governor
You have asked me whether the Lieutenant Governor may maintain his present staff when he becomes Acting Governor following Governor Lucey's departure on or about July 1. I understand that there are five positions involved. Two persons are presently employed by the Lieutenant Governor pursuant to sec. 14.33, Stats., and three are employed by him with the permission of the Senate Organization Committee pursuant to secs. 13.20 and 14.33, Stats.
In my opinion the Lieutenant Governor is entitled to maintain this staff when he serves as Acting Governor absent affirmative action on the part of the Legislature to modify sec. 14.33, Stats., and to terminate the appropriations for the salaries and general operation of the office of the Lieutenant Governor made pursuant to sec. 20.765 (4)(a), Stats.
Historically the position of Lieutenant Governor was created in Wisconsin to fulfill two functions. First, the person occupying that office is available to take over the powers and duties of the governorship in the event that, through absence, removal, resignation, death or disability, the Governor should be unable to carry out the duties of his office. See Wis. Const. art. V, sec. 7. In fact, this function was the sole reason advanced for creating the office of Lieutenant Governor in the course of the constitutional debates. See Quaife, "Attainment of Statehood," V. 29, p. 268 (Dec. 21, 1847). See also State ex rel. Martin v.Heil, 242 Wis. 41, 7 N.W.2d 375 (1943). Secondly, pursuant to Wis. Const. art. V, sec. 8, the Lieutenant Governor shall also preside over the Senate during his term in office.
By statute a third duty has been added to the office of Lieutenant Governor. Pursuant to sec. 14.34, Stats., he "shall have such *Page 186 
additional duties as are assigned to him by the governor in writing." In addition, I understand that the Lieutenant Governor and his office have participated in the Nursing Home Ombudsman program and the Council for Consumer Affairs program, funds for both of which having been appropriated under sec. 20.765 (4)(b) and (d) respectively.
In regard to the Lieutenant Governor's duty to serve as Acting Governor, Wis. Const. art. V, sec. 7 provides:
 "In case of the impeachment of the governor or his removal from office, death, inability from mental or physical disease, resignation, or absence from the state, the powers and duties of the office shall devolve upon the lieutenant governor for the residue of the term or until the governor, absent or impeached, shall have returned or the disability shall cease."
It is clear from this provision "that it was not intended that the office of lieutenant governor should become vacant on account of any vacancy in the office of governor. . . . Upon the resignation of the governor, the office becomes vacant and, by the express terms of the constitution, the powers and duties of the office devolve upon the lieutenant governor for the residue of the term. He therefore retains the office of lieutenant governor and executes the duties and powers of governor." 1906 Op. Att'y Gen. 602, 603. Thus, in the event that the Lieutenant Governor becomes Acting Governor pursuant to sec. 14.32, Stats., and Wis. Const. art. V, sec. 7, he assumes all of the powers and duties of the Governor, while at the same time continuing to occupy the office and to exercise the functions of Lieutenant Governor. State ex rel. Martin v. Heil supra; State ex rel.Martin v. Ekern, 228 Wis. 645, 280 N.W. 393 (1938); 1906 Op. Att'y Gen. 602.
However, pursuant to Wis. Const. art. IV, sec. 9, as Acting Governor the Lieutenant Governor is relieved of his duties as President of the Senate and another person is selected by the Senate to fill that office. This is the only function of the Lieutenant Governor that is specifically terminated when the Lieutenant Governor assumes the duties and powers of the office of the Governor pursuant to sec. 14.32, Stats., and Wis. Const art. V, sec. 7.
The Lieutenant Governor's staff is authorized under sec. 14.33, Stats., and sec. 13.20 (1)(a), Stats. Pursuant to sec. 14.33, Stats.: *Page 187 
 "The lieutenant governor may employ one administrative assistant under s. 16.08 (2) (g). He may employ one secretary under s. 16.08 (2) (g) or under the classified service but such secretary shall be reimbursed at the same rate as head clerks under the legislative salary schedule and may be employed for such period and upon such terms as the lieutenant governor determines. In addition, the lieutenant governor may employ such other staff as the senate committee on organization allows."
Section 13.20 (1) (a), Stats., provides in part:
 LEGISLATIVE EMPLOYES. (1) Number; qualifications; staffing pattern. (a) The legislature or either house thereof may employ such clerical, professional or other assistants as in the judgment of the joint committee on legislative organization or the committee on organization in each house are necessary to enable it to perform its functions and duties and to best serve the people of this state."
Pursuant to the above two provisions, the Lieutenant Governor has employed five staff members.
The appropriations for the office of the Lieutenant Governor are found in subch. VIII, "Legislative," of ch. 20, Stats. Section 20.765, Stats., provides in part:
 "There is appropriated to the legislature for the following programs:
"***
 "(4) Office of the Lieutenant governor. (a) General program operations. A sum sufficient for the salaries and general operations of the office of the lieutenant governor."
Pursuant to the above provision, a sum sufficient for the salaries of the five staff members and for the general operation of the office of the Lieutenant Governor has been appropriated.
The foregoing statutory provisions and the legislative action taken pursuant thereto make it clear that the present staff of the Lieutenant Governor has the unequivocal authorization of the Legislature. Any determination that this staff is no longer required when the Lieutenant Governor serves as Acting Governor and has the services *Page 188 
of the Governor's staff would involve questions of public policy and require modification of sec. 14.33, Stats. Such determination must be left to the Legislature. Muskego-Norway ConsolidatedSchools Joint School Dist. No. 9 v. Wisconsin EmploymentRelations Board, 35 Wis.2d 540, 151 N.W.2d 84 (1967).
This conclusion is borne out by the treatment of a parallel question, i.e., whether, the office of the Lieutenant Governor not being vacant, the Lieutenant Governor's salary would cease when the Lieutenant Governor, serving as Acting Governor, received the Governor's salary. In State ex rel. Chatterton v.Grant, 73 P. 470, 12 Wyo. 1 (1903), the Wyoming Supreme Court met and resolved this issue when the Wyoming Secretary of State, under a constitutional provision similar to Wis. Const. art. V, sec. 7, became Acting Governor on the death of the incumbent Governor. There, the Wyoming Supreme Court held that the Secretary of State could not be deprived of the compensation belonging to his office upon assuming the powers and duties of Governor. The Court's language is enlightening:
 "In view of our statutes, or rather the absence of statutory provision on the subject, we cannot conceive of any principle upon which the salary attaching to the Office of Secretary of State can be denied him, whatever may be his right to the compensation provided by law for the Office of Governor." (Emphasis supplied.)
The Wisconsin Legislature specifically responded to the double compensation problem under sec. 14.32 (2), Stats., which provides:
 "When acting as governor because of a vacancy in the office of governor . . . the lieutenant governor shall receive the annual salary and all other rights, privileges and emoluments of the office of governor. The annual salary paid in such instance shall be in lieu of all other compensation provided for the lieutenant governor."
In my opinion, the Legislature will have to take similar affirmative action if it wishes the Lieutenant Governor's staff dismissed and its funding terminated when the Lieutenant Governor serves as Acting Governor.
This conclusion is supported, indeed required, by the doctrine of separation of powers. Under the Wisconsin Constitution legislative *Page 189 
power is vested in the Senate and the Assembly. Wis. Const. art. IV, sec. 1. The status of the legislative and executive departments is one of equality, and neither may exercise any control over nor exercise any of the powers of the other. Stateex rel. Broughton v. Zimmerman, 261 Wis. 398, 52 N.W.2d 903
(1952); Goodland v. Zimmerman, 243 Wis. 459, 10 N.W.2d 180
(1943). An opinion by the Attorney General that the Lieutenant Governor may not retain a staff which was authorized and funded by the Legislature where no constitutional problem is apparent would be tantamount to a modification of sec. 14.33, nullification of a legitimate legislative appropriation and, consequently, would be a serious violation of the doctrine of separation of powers.
In summary, since the staff was legitimately employed pursuant to sec. 14.33, Stats., and sec. 13.20, Stats., and as it was duly funded under sec. 20.765 (4)(a), and since the Office of Lieutenant Governor will not be vacant while the Lieutenant Governor serves as Acting Governor, it is my opinion that the Lieutenant Governor may maintain his five-member staff when he assumes the powers and duties of the office of Governor on July 1, 1977.
P.S. Normally, the Attorney General is able to avoid rendering an opinion which reaches absurd results. At least that is what he tries to do. However, once in a while an opinion comes along where it is impossible. This is such an opinion and I cordially invite the Legislature's attention to this matter so that remedial legislation may be passed at an early date. BCL:DJH *Page 190