PEOPLE v. LANG.

(Supreme Court, Appellate Division, Second Department.  November 18, 1910.)

1. INDICTMENT AND INFORMATION (§ 41*)—PROSECUTION BEFORE MAGISTRATE—EFFECT OF DISCHARGE.

  After the discharge of accused by a city magistrate on a charge of keeping a disorderly house, the Court of Special Sessions had no jurisdiction to try her on an information based on the same proceeding before the magistrate.

  [Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 41.*]

2. CRIMINAL LAW (§ 1086*)—APPEAL—OBJECTION—JURISDICTIONAL OBJECTION.

  It is immaterial that the record on accused's appeal from a conviction before the Court of Special Sessions did not show that objection was taken to the jurisdiction of that court, where the judgment shows the want of jurisdiction.

  [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1086.*]

Appeal from Court of Special Sessions of City of New York.

Henrietta Lang was convicted of keeping a disorderly house, and she appeals.  Reversed.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Arthur C. Bostwick, for appellant.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for the People.

THOMAS, J.  Defendant, charged with keeping a disorderly house, and discharged by order of a city magistrate, was later found guilty of the same offense by the Court of Special Sessions, on information filed by the district attorney, to which was attached the proceedings before the city magistrate.

The Court of Special Sessions had not jurisdiction after the discharge by the magistrate.  People v. Dillon, 197 N. Y. 254, 90 N. E. 820.  The jurisdiction was not questioned on the trial.  The present appeal is from the judgment, whereby it appears that the Court of Special Sessions had no jurisdiction, and it is immaterial that the record does not show that objection to the jurisdiction.  Brookman v. Hamill, 43 N. Y. 555, 564, 3 Am. Rep. 731; Risley v. Phenix Bank, 83 N. Y. 318, 337, 38 Am. Rep. 421.

The judgment should be reversed.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes