THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL H. REIS, Plaintiff, *v.* WARDEN OF BRONX COUNTY JAIL OF CITY OF NEW YORK, Respondent.*

Supreme Court, Bronx County, March 16, 1933.

* Affd., 239 App. Div. 891.

*Kopp, Markewich & Null,* for the relator.

*Samuel J. Foley, District Attorney [Sol. Boneparth, Herman J. Fliederblum* and *William H. Jackson* of counsel], for the respondent.

CALLAHAN, J.    Section 742 of the Code of Criminal Procedure, in its present form, clearly empowers the district attorney to file an information in the Court of Special Sessions in a case where the grand jury directs and the court for which the grand jury was drawn approves such filing.    Relator contends that that power is limited to cases where there has been a preliminary hearing before a magistrate, or, in other words, that the statute does not authorize such filing where the investigation out of which the charge arises is initiated by or before the grand jury.    I see no reason for applying such limitation.    The grand jury unquestionably has the power to inquire into the commission of all offenses, whether they be felonies or misdemeanors, and whether there has been a preliminary hearing before a magistrate or not.    (*People ex rel. Hummel* v. *Davy,* 105 App. Div. 598; affd., 184 N. Y. 30.)    The amendment to section 742 of the Code of Criminal Procedure adopted in 1926 (Chap. 721) did not purport to enlarge that power of investigation, merely to authorize the prosecution of misdemeanor cases in the Court of Special Sessions when the grand jury determined such step was warranted.    The decision in *People* v. *Dillon* (197 N. Y. 254), to the effect that there must be a holding by a magistrate before an information might be filed in a misdemeanor case, was prior to the amendment of section 742, referred to above.

Writ dismissed, and petitioner remanded.