James S. Brown, Jr., J.
In this article 78 proceeding, petitioner in essence seeks an order of this court in the nature of prohibition and mandamus directed against respondents restraining them from prosecuting the petitioner upon the criminal charge of violating subdivision 2 of section 65 of the Alcoholic Beverage Control Law, a misdemeanor now pending in the Court of Special Sessions, and to compel that court to dismiss such pending prosecution and the information filed against the petitioner.
The petition in substance reveals the following pertinent facts: Petitioner was served with a summons made returnable in the Magistrates ’ Courts to answer the charge that petitioner had violated subdivision 2 of section 65 of the Alcoholic Beverage Control Law. After pleading not guilty, petitioner demanded a preliminary hearing and at the close of the People’s case, the complaint was dismissed and the petitioner discharged. Subsequently, by direction of the Grand Jury, the District Attorney filed an information with the Court of Special Sessions charging the petitioner with the identical violation of the Alcoholic Beverage Control Law upon which he had been arraigned before a Magistrate. Petitioner appeared before the Court of Special Sessions and moved to dismiss the information on the ground that prosecution thereof was barred by the provisions of section 673 of the Code of Criminal Procedure. That motion was denied.
Petitioner contends on this motion that the institution and maintenance of the prosecution in the Court of Special Sessions was in excess of the powers of that court, and the motion should have been granted. Respondents cross-move to dismiss the petition on the ground that it fails to set forth facts sufficient to enable the petitioner to obtain the relief prayed for.
Petitioner’s contention that the Court of Special Sessions has been divested of jurisdiction by reason of section 673 of the Code of Criminal Procedure is untenable. Section 673 of the code provides: ‘ ‘ An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor ’ ’. This section, by its provisions, restricts its application to chapter VII of title NTT of part IV of the Code of Criminal Procedure. A reading of the entire chapter to which reference is made in section 673 of the code establishes beyond doubt that it refers to instances and circumstances not applicable to the dismissal of the charge before the City Magistrate following the preliminary examination. The. application to chapter VII of title NTT deals solely with the dismissals of actions for want of prosecution (People *170 v. Henry, 111 Misc. 561) and not a dismissal after a hearing before a magistrate. (Final Report of Commrs. on Practice and Pleadings, Criminal Code, 1849, pp. 341-342.)
The petitioner’s reliance on People v. Dillon (197 N. Y. 254) and People v. Lang (141 App. Div. 114) supporting his contention is misplaced, as the facts therein are distinguishable from those in the case at bar. Here there was a compliance with section 742 of the Code of Criminal Procedure, because the information was filed by the District Attorney at the direction of the Grand Jury in conformity with the order made by a Judge of the County Court (People ex rel. Reis v. Warden of Bronx County Jail, 150 Misc. 801, affd. 239 App. Div. 891, motion for leave to appeal denied 240 App. Div. 761). This essential element was lacking in the authorities cited by the petitioner. In any event, section 742 of the code was amended subsequent to these determinations permitting the action taken herein.
A writ of prohibition will lie where a court seeks to exercise jurisdiction where the same is not authorized. It is intended to prevent a body or officer from exercising judicial or quasi-judicial functions without or in excess of jurisdiction (Quimbo Appo v. People, 20 N. Y. 531; Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26, 39; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 8).
It has been held that a grand jury has power to investigate and indict, regardless of what had occurred before the magistrate and regardless of whether the magistrate has held or discharged the prisoner, or still has the matter pending, and regardless of whether there has been a preliminary hearing (People ex rel. Hirschberg v. Close, 1 N Y 2d 258). The Grand Jury having properly acted and directed the filing of the information, relative to a crime within the exclusive jurisdiction of the Court of Special Sessions (N. Y. City Grim. Cts. Act, § 31, subds. 1, 4), the Court of Special Sessions had properly before it the crime charged against the petitioner. Here the Court of Special Sessions was acting within the jurisdiction prescribed by statute, and this court may not intervene to enjoin the enforcement of the law by the prosecuting officials, as the petitioner has failed to establish a clear right to the relief sought in that irreparable harm will befall him against which regular processes of appeal afford no protection. (Matter of Brandenburg v. Court of General Sessions, 189 Misc. 4, affd. 272 App. Div. 1013.) The fact that petitioner may be required to stand trial, before an appeal from any judgment of conviction may be taken wherein all intermediate orders of the Court *171 of Special Sessions may be reviewed, is not sufficient grounds to invoke the drastic relief of prohibition. It has repeatedly been held that the right to such review by appeal after a conviction is ordinarily sufficient protection and excepting under extraordinary circumstances bars the relief requested. (Matter of Clouse, 121 N. Y. S. 2d 136 and cases cited therein; Matter of Culver Cont. Corp. v. Humphrey, 268 N. Y. 26, supra.) Accordingly the cross motions are granted and the petition dismissed.
Submit order.