Birdie Amsterdam, J.
Petitioner seeks an order forbidding all further hearings and proceedings concerning Labor Law complaints filed with the Industrial Commissioner of the State of New York in 1950 and 1951 involving prevailing rate of wage. Although by its petition the petitioner purports to seek an order of permanent injunction, the application is, nevertheless, one under article 78 of the Civil Practice Act and, in effect, seeks a writ of prohibition. The respondent has cross-moved for an order dismissing the petition upon the ground that it does not state facts sufficient to entitle the petitioner to the relief as requested or any part thereof or any other relief and upon the further ground that the court lacks jurisdiction of the subject matter for the reason that the petitioner has failed to include as parties respondent the complainant employees of the petitioner who had filed verified complaints with the Department of Labor of the State of New York and requesting that the Industrial Commissioner make an investigation, hold hearings and determine the prevailing rate of wages of the complainants, pursuant to section 220 of the Labor Law. The latter ground of objection has been eliminated by the addition of the complainant employees as intervenors.
It appears upon the basis of this submission that in the period through 1956 investigations were made by the Labor Department, conferences were held with officials of the petitioner village and with the employees concerned, during which time no order had been issued by the Department of Labor as to the rights of the parties, and during such time repeated attempts were made to reach adjustment and settlement. A *66 hearing was held by the Department of Labor on December 19, 1956 when the petitioner raised a question of jurisdiction. At the conference were represented the Industrial Commissioner, 70 complainants and the petitioner. The latter raised the question of the validity of the verified complaints which were by that time filed by the employees of the petitioner and it was found that the complaints complied with section 220 of the Labor Law. It further appeared that the Department of Labor announced its position as to the coverage of the affected employees and the parties acknowledged such coverage, the petitioner, however, requesting an opinion whether the lapse of time between the receipt of the complaints and the determination of coverage precluded the Department of Labor from issuing any order or determination.
The question of preclusion was considered in the light of the language of subdivision 7 of section 220, which provides: ‘1 The fiscal officer * * * must, on a verified complaint in writing of any person interested, cause an investigation to be made to determine the prevailing rate of wages * * *. Such fiscal officer shall make an order or determination not later than six months after the filing of such verified complaint.”
An opinion was rendered on March 22,1957 and the determination was that the quoted provisions were directory and not mandatory. The six-month period was not a limitation but was merely a period during which no application could be made to compel determination and failure to reach determination and to issue an order could be ground for a writ of mandamus only after the expiration of the six-month period. The determination was consonant with settled law that a public body is not ousted of jurisdiction in the event of the passage of such a limitation and such a time specification is directory only and not mandatory.
As stated in Matter of Rochester Gas & Elec. Corp. v. Maltbie (272 App. Div. 162, 165-166): 11 It is a fundamental principle that the limitation of the time within which a public body is to act does not oust it of jurisdiction to act after the expiration of that time. In this principle the courts have generally concurred. The general rule being that where a public officer is required to perform an official act within a specified time it will be considered as directory only, ‘ unless the nature of the act to be performed, or the language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer.’ (People v. Allen, 6 Wend. 486, 487; Matter of Brenner v. Bruckman, 253 App. Div. 607.)”
*67 A further hearing was held before a Deputy Industrial Commissioner on September 7, 1961, at which were present the complainants and the petitioner. It appears from this submission that in the meantime there were continuing activities between the parties in concern in an endeavor to reach adjustment and settlement and in a further endeavor to secure action on the part of the petitioner pursuant to its own request to make an investigation into the facts and circumstances surrounding the claim of the complainants that the prevailing rate of wage was with respect to each in excess of the wage paid. At the September 7, 1961 hearing, the petitioner again objected to the jurisdiction of the Industrial Commissioner to investigate, hear and determine and such objection was based on the ground of laches and the four-month Statute of Limitations (Civ. Prac. Act, § 1286). The objection was overruled by the Deputy Commissioner presiding at the hearing, who upheld and confirmed the prior ruling of March 22,1957. The hearing was adjourned to October 4, 1961 and this proceeding was then commenced.
The objections now urged by the petitioner are that the respondent has not pursued the subject matter before him in the mode required by law in order to authorize him to make a determination, and that laches and the passage of the time limitation also bar further proceeding; that by the hearing of September 7,1961 the respondent violated relevant rules of law to the prejudice of the petitioner; that respondent intends to investigate the claims of employees although such claims are barred by the Statute of Limitations and by laches of the complainants; that the respondent had failed to make investigations pursuant to section 220 of the Labor Law and such investigation cannot now be made since the situation prevailing in the years 1950 and 1951 cannot be ascertained or reconstructed; that the respondent has failed to present to the petitioner the statement of results of investigations required by the statute and that the petitioner would be required to spend time and money during lengthly hearings and other proceedings and, finally, the complainants have failed to compel performance by the respondent of his duty to investigate and they are barred by laches and by the Statute of Limitations (Civ. Prac. Act, § 1286).
As already indicated, the six-month provision contained in section 220 of the Labor Law is directory and not mandatory (Guercio v. Gerosa, 8 A D 2d 250, affd. 8 N Y 2d 1104). Any determination by the respondent is reviewable under the provisions of article 78 of the Civil Practice Act and such review may be had only of a final order by a proceeding commenced within 30 days after the filing of such final determination.
*68 A petitioner may not obtain an order in the nature of an injunction to restrain the respondent from conducting proceedings pursuant to duty imposed by law and any order in the nature of a restraint can be obtained only by writ of prohibition in the absence of jurisdiction. In short, action by this respondent can be prevented by prohibition if the respondent endeavors to undertake the exercise of power exceeding the power conferred. If the allegations and contentions of the petitioner were to be accepted, it would seem to follow as a necessary consequence that the time to act by petition for writ of prohibition preceded the hearing resulting in the decision of March 22, 1957, or, at least, preceded the hearing held on September 7, 1961. The petitioner appeared at both hearings and participated therein. Presumptively at least, therefore, the petitioner proceeded with the view that the respondent had the power under its conceded jurisdiction to pass upon the objections raised and he did so. If, perchance, he was in error, the time is not now to complain by any proceeding taken under article 78 of the Civil Practice Act but rather upon the completion of the matter before him and the issuance of a final determination.
At least it is proper to observe that the Commissioner was fortified with knowledge of what had transpired both with respect to the period between 1950 and 1951 and the time of the issuance of the first order of March 22, 1957 and during the period from 1950 and 1951 and the hearing of September 7,1961 and was competent to rule upon the question of laches and limitations.
Prohibition is a preventive remedy and not a remedial process. No ground exists upon the basis of this submission for prevention and no ground exists at this time for remedial process. The fact that in the meantime no action was taken by any of the parties in concern to compel action by the respondent does not serve to oust him of jurisdiction and, consequently, as to bim, the contention based on alleged laches and passage of statutory time limitations are of no avail since the respondent’s duty continues even after the expiration of the directory six-month period. Since the respondent’s jurisdiction has not been exhausted and since his determinations have been interlocutory only and are not subject of review for error until there is a final determination it is not sufficient ground to invoke the remedy of prohibition that the petitioner will be required to spend time and money in the ensuing proceedings (Matter of Vahey v. Court of Special Sessions of the City of N. Y., 16 Misc 2d 168; Reed v. Littleton, 275 N. Y. 150).
*69 The position of the petitioner seems to he uncertain and confused. It urges, for example, that the claimants’ unreasonable delay and inexcusable failuré to proceed in a timely fashion resulted in barring their claims by laches and the Industrial Commissioner should so have found. In such a posture a review is premature and a writ of prohibition concededly does not lie. In support of its contention in this direction, the petitioner refers to the concluding sentence of the March 22,1957 decision, “ Such being the case, all parties concerned are notified to act accordingly, ’ ’ and argues that the existence of laches is unmistakable in view of the delay and time lapse since the making of that decision. However, as already indicated, the petitioner was not without responsibility with respect to such lapse of time and, in addition, the respondent was possessed of knowledge of the facts and circumstances concerning the lapse of time in respect of which it held, nevertheless, that the complainants were not barred. Further, petitioner urges that the Labor Law complaints are on their face insufficient and frivolous. The finding of the respondent was to the contrary and this preliminary finding too is not now subject of review, nor the basis for a writ of prohibition. Such a question of sufficiency is obviously for the respondent. Petitioner urges further that the respondent has failed to perform duties enjoined upon him by law. As already indicated, he is properly in the midst of performing his duty in accordance with the demands made upon him by the complainants and no proper action was taken by any of the parties in concern heretofore to hasten the respondent’s action, no doubt, because, as the record shows, the petitioner had requested and was given an opportunity to investigate into the facts and the parties were throughout the period from time to time engaged in attempts at adjustment and settlement. Again, it is urged that the respondent exercising judicial or quasi-judicial function proceeded and is about to proceed without and in excess of jurisdiction. As already indicated, the respondent’s jurisdiction is established, has not been exhausted, and the petitioner has participated in the hearings held in the exercise of that jurisdiction. Nor is anything contained in this record to establish the contention that the respondent has contravened in any manner the requirement concerning the mode in which the subject matter before him is to be pursued in order to authorize him to make a determination. The basic claim is not established by the mere fact that the mission has not yet been accomplished. The petitioner’s confusion is most exemplified by its concluding contention that the determination from which it seeks relief is a final ruling twice argued before an *70 Industrial Commissioner that the claims involved are not barred by any Statute of Limitations nor by laches of the claimants. In the first place, no final ruling has been made save upon intermediate questions resulting in interlocutory orders; secondly, petitioner does not by the notice of motion and prayer for relief seek a review but rather an order in the nature of an injunction which, in effect, is a writ of prohibition. Petitioner’s contentions are without merit.
The cross motion seeking dismissal for lack of jurisdiction by reason of failure to join parties in interest is academic. The cross motion seeking dismissal of the petition for failure to state facts sufficient to entitle the petitioner to the relief prayed for nor to any part thereof nor to any other relief is granted, and the petition is dismissed.