NACOGDOCHES SAVINGS AND LOAN ASSOCIATION et al., Appellants,

v.

W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.

No. 12327.

Court of Civil Appeals of Texas, Austin.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for appellants.

John L. Hill, Atty. Gen., John W. Odam, Executive Asst., Austin, for W. Sale Lewis.

George E. Ramsey, III, Watkins, Ledbetter, Hayden & Ramsey and Larry E. Temple, Austin, for Timberland Savings Assn.

O'QUINN, Justice.

The Savings and Loan Commissioner entered an order on October 3, 1974, approving the application of incorporators seeking a charter for a third savings and loan association to be operated in Nacogdoches under the name of Timberline Savings and Loan Association. Two existing associations opposing the application before the Commissioner sought judicial review of the order in district court of Travis County. The trial court entered judgment in March of 1975 affirming the action and order of the Commissioner.

The two existing associations, Nacogdoches Savings and Loan Association and First Federal Savings and Loan Association of Nacogdoches, have appealed and bring four points of error under which they seek reversal of the trial court's judgment and remand of the proceeding to the Commissioner.

Under the first two points appellants urge that the order is not reasonably supported by substantial evidence and that the trial court erred in failing to hold that it was error for the Commissioner to admit and consider hearsay and other incompetent evidence offered by applicants for the charter. Appellants contend under their third point that the order of the Commissioner violates Section 11.11(4) of the Savings and Loan Act requiring that findings of fact be accompanied by concise and explicit statements of underlying facts in support of the findings.

Appellants' fourth and final point of error is that the trial court erred in failing to hold that it was error for the Commissioner to fail to render a decision within forty-five days following close of the hearing, as required by section 1.9 of Rules and Regulations promulgated by the Savings and Loan Section of the Finance Commission.

We find merit in the fourth point of error and will reverse the judgment of the trial court and remand the proceeding to the Commissioner. In view of this conclusion, we will not reach the first three points of error.

The hearing record on the charter application was completed and closed on June 11, 1974. The order reflecting the Commissioner's decision on the application was entered on October 3, 1974, or one hundred and fourteen (114) days after the hearing was finally closed.

Rule 1.9 of the Rules and Regulations for Savings and Loan Associations requires that: "The Commissioner shall render his decision within forty-five (45) calendar days after the date the hearing is finally closed."

Rules for the savings and loan associations are promulgated by the Savings and Loan Section of the Finance Commission of Texas under authority delegated by the Legislature. Art. 342–205(d), (e), (g), (i), Vernon's Ann.Civ.St. The rule making power "shall not be exercised unless notice of the terms or substance of the proposed rule or regulation or amendment to existing rules or regulations has been given to all associations subject to regulation  .  .  ." Five associations, within twenty days after notices are served by certified mail, may require that a public hearing be held. Thereafter, "any rule, regulation or amendment approved and adopted pursuant to such hearing shall be promulgated in written form and the effective date thereof fixed by the order of adoption and promulgation." Art. 342–205(e). The statute requires that the Commissioner "shall attend each meeting of the Savings and Loan Section of the Finance Commission, but he shall not vote." Art. 342–205(g).

■ The rule is firmly established that rules and regulations promulgated by an administrative agency, acting within authority delegated to it by the Legislature, are to be construed as statutes. *Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co.*, 121 Tex. 594, 51 S.W.2d 284, 287 (1932, opinion adopted); *Texas & N.O.R. Co. v. W. A. Kelso Building Material Co.*, 250 S.W.2d 426, 428 (Tex.Civ.App. Galveston 1952, writ ref. n.r.e.); *F. A. Gillespie & Sons Co. v. Railroad Comm'n*, 161 S.W.2d 159, 162 (Tex. Civ.App. Austin 1942, writ ref. w.o.m.). The rules of the administrative body have the same force as would a like enactment by the Legislature, and the agency is bound by its own valid and subsisting rules. *Foley v. Benedict*, 122 Tex. 193, 55 S.W.2d 805, 808 (1932, opinion adopted); *State v. Martin*, 347 S.W.2d 809, 813 (Tex.Civ.App. Austin 1961, writ ref. n.r.e.).

The general rule regarding procedural regulations is stated in American Jurisprudence: "Procedural rules are binding upon the agency which enacts them as well as upon the public of the agency, and the

agency does not, as a general rule, have the discretion to waive, suspend, or disregard in a particular case a validly adopted rule so long as such rule remains in force." 2 Amer.Jur.2d, sec. 350, p. 162 (1962).

The rules and regulations adopted by the Savings and Loan Section of the Finance Commission are intended for the guidance of the Commissioner as well as the public. By legislative prohibition the Commissioner is denied a voice in enactment of the rules, and the Commissioner is granted no authority by regulation or statute to waive, suspend, or disregard a rule in a particular case.

■ The majority of this Court reached the decision in *Lewis v. Heritage Savings Association*, 502 S.W.2d 943, 947 (Tex.Civ. App. Austin 1973, no writ) that failure of the Commissioner to act within the period prescribed by the rule did not invalidate the order under the facts of that case. At this time the majority are of the view that by delaying his decision and order in this case more than two months beyond the limit of 45 calendar days set by Rule 1.9, the Commissioner committed error requiring that the order be set aside and the proceeding remanded to the Commissioner.

Although in some jurisdictions the courts have held that failure to follow an administrative rule requiring decision within a stated period of time will not be grounds for setting aside the order, we conclude that the holding of the Supreme Court in *Bay City Federal Savings and Loan Ass'n v. Lewis*, 474 S.W.2d 459, 462 (Tex.1971) requires a different result. In *Bay City* the Supreme Court pointed out that "  .  . appellants and the court are not the only ones concerned with the Commissioner's order and his failure to follow the procedure required by law," but that in addition to the parties and the court, "The public has an interest in the administrative decisions of State agencies   .   .   [and] that the public also has a general interest in the laws of the State being followed as they are written." (474 S.W.2d 462, col. 1)

In Wisconsin the supreme court held a statute requiring that the state employment relation board file its findings and decision within sixty days after close of a hearing was directory and not mandatory. *Muskego-Norway Consolidated Schools Joint School District v. Wisconsin Employment Relations Board*, 32 Wis.2d 478, 151 N.W.2d 84 (1967). The court declared that the overall policy of the act was not served by an interpretation making the sixty-day requirement mandatory, and pointed out that another section of the statute provided that substantial compliance with procedure would be sufficient to give effect to the orders of the board.

In California a court reached a similar result and held that by waiting beyond the sixty-day period to make its decision an administrative board did not lose jurisdiction to act at the expiration of the prescribed time. *Koehn v. State Board of Equalization, Department of Alcoholic Beverage Control, (First District)*, 166 Cal. App.2d 109, 333 P.2d 125 (1958). A New York court held that a requirement that an administrative order be made not later than six months after the filing of a complaint in a labor matter was directory and not mandatory. *Village of Port Chester v. Industrial Commissioner*, 32 Misc.2d 64, 222 N.Y. S.2d 779 (1961).

In considering whether an agency may disregard its own rules, Cooper observed: "Some courts indicate a readiness to set aside agency action upon complaint that the agency disregarded its procedural rules, even though the possibility of prejudice having been suffered as a result thereof appears at best remote." Cooper: State Administrative Law, vol. 1, p. 270 (1965).

In accord with the doctrine observed by Cooper is *Pacific Molasses Co. v. Federal Trade Comm.*, 356 F.2d 386, 389–90 (5th Cir. 1966), in which the court stated: "When an administrative agency promulgates rules to govern its proceedings, these rules must be scrupulously observed . . . once an agency exercises its discretion and creates procedural rules under which it desires to have its actions judged, it denies itself the right to violate these rules."

The court in *Pacific Molasses* qualified its application of the doctrine with the statement that, "If an agency in its proceedings violates its rules and prejudice results, any action taken as a result of the proceedings cannot stand." The Supreme Court, however, in *Bay City* did not allow for a showing of prejudice or harm to justify striking down the order. The Court of Civil Appeals had said, "We feel that neither appellants nor this Court would benefit by remanding this case to the Commissioner with instructions to set out the underlying facts supporting a finding which in fact is not contested." (463 S.W.2d 268, 270, col. 1) In response to this reasoning the Supreme Court stated that the public has an interest in administrative decisions of state agencies and has an interest "in the laws of the State being followed as they are written." (474 S.W.2d 462)

An obvious warrant for the rule in Section 1.9, requiring the Commissioner to issue an order within 45 days after the hearing is closed, is to bring the final decision reasonably close to the time at which the existing facts were considered upon which the ultimate judgment would be made, and to avoid an unreasonable removal of the order, on the basis of time, from the very economic conditions and other factors tending to show a need, or no need, for additional savings and loan services available to the public. We find no requirement under the doctrine of *Bay City* that harm or prejudice be shown, or found, before the order will be set aside because not entered within the period allowed by the rule for making an order.

The Texas Administrative Procedure and Register Act, enacted this year by the Legislature and approved by the Governor on April 24, 1975, to become effective January 1, 1976, provides that, "The final decision or order must be rendered within 60 days after the date the hearing is finally closed," but permits modification of this and other times

provided in that section by agreement of the parties "with the approval of the agency." (Acts 1975, 64th Leg., ch. 61, sec. 16(d), (f), S.B. 41, p. 136, 145, effective January 1, 1976).

No provision is in effect now, in statutes or regulations, by which modification of current rules of the Savings and Loan Section of the Finance Commission may be achieved in a particular proceeding. The rules may be modified only through the procedures for general amendment as prescribed in Art. 342–205(e). Under the present law, neither the Commissioner nor the parties have an option. The rule plainly requires that the Commissioner *shall* render his decision before the expiration of 45 days after the hearing is closed.

For the reasons stated, the judgment of the trial court affirming the order of the Savings and Loan Commissioner is reversed, and judgment is rendered setting aside the order. The proceeding is remanded to the Commissioner.

Reversed and rendered and proceeding remanded.

PHILLIPS, Chief Justice (dissenting).

I respectfully dissent.

In *Lewis v. Heritage Savings Association,* 502 S.W.2d 943 (Tex.Civ.App.1973, no writ), this Court held that the failure of the Commissioner to follow Section 1.9 of the Rules and Regulations was not reversible error where no prejudice could be shown. I would follow the reasoning of that decision.

A reversal of the *Heritage* holding is not compelled by the holding of the Supreme Court in *Bay City Federal Savings and Loan Association v. Lewis,* 474 S.W.2d 459 (Tex.1971). A majority of this Court did not believe *Bay City* was controlling when *Heritage* was decided, and I do not believe so today. The most obvious distinction is that *Bay City* involved the failure to follow a statute, while today we are concerned with a Commission-created rule.

Additionally, in *Bay City* the Supreme Court pointed out the several vital purposes

served by strict enforcement of the statute requiring incorporation of Commission fact finding within its order. Such a recital prevents the Commission from granting a certificate without a full consideration of the evidence and a serious appraisal of the facts. It informs the parties of the facts found so that they may intelligently prepare and present an appeal to the courts. A third purpose is to assist the courts in exercising their function of reviewing the order. *Miller v. Railroad Commission,* 363 S.W.2d 244 (Tex.1962).

It is difficult for me to perceive how the reasoning of *Bay City* and *Miller* is applicable here.

The weight of authority in this country is in accord with our decision in *Heritage. Village of Port Chester v. Industrial Commissioner,* 32 Misc.2d 64, 222 N.Y.S.2d 779 (1961); *Muskego-Norway Consolidated Schools Joint School District v. Wisconsin Employment Relations Board,* 32 Wis.2d 478, 151 N.W.2d 84 (1967); *Koehn v. State Board of Equalization,* 166 Cal.App.2d 109, 333 P.2d 125 (1958). These cases hold that statutes requiring issuance of an order within a certain period of time are directory and not mandatory, and that the expiration of the time within which an agency is to issue an order does not oust the agency of jurisdiction. In order to raise the question of jurisdiction, the nature of the act to be performed or the language used by the Legislature must show that the time designation was intended as a limitation of the power of the administrative agency. To allow an administrative body to oust itself of jurisdiction of subject matter lawfully delegated to it by a failure to follow its own procedural rule would be most unusual.

In the case at hand, did the Commissioner lose jurisdiction on the forty-sixth day following the conclusion of the hearing by failure to comply with his own rule? If not, why should his order be reversed where no harm to the complaining party has been claimed or shown? Must we send these weary litigants back to the Commission to begin another exhausting and expensive se-

ries of hearings and appeals solely because of a harmless, procedural error of the Commissioner? I think not.

I think the Legislature addressed itself to the question before us when it promulgated the new Administrative Procedure Act. This Act, to take effect January 1, 1976, provides in Section 19(e), Judicial Review of Contested Cases: " . . . the court . . . shall reverse or remand the case for further proceedings if *substantial rights of the appellant have been prejudiced* because the administrative findings, inferences, conclusions, or decisions are . . . (3) made upon unlawful procedure . ." (Emphasis added) It seems clear to me that under the new Act, a party appealing an administrative decision on the basis that the decision was rendered late will bear the burden of showing "substantial rights have been prejudiced . . ."

Because the majority has not passed on the three remaining points of error, it would serve no useful purpose for me to comment on those points at this time.

I would follow the rule of this Court in *Heritage* on the point in question.