JACKSONVILLE BUILDING AND
LOAN ASSOCIATION et al.,
Appellants,

v.

W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.

No. 12348.

Court of Civil Appeals of Texas,
Austin.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for appellants.

John L. Hill, Atty. Gen. of Tex., John H. Banks, Asst. Atty. Gen., Austin, for W. Sale Lewis.

Larry E. Temple, Austin, for Cherokee Savings and Loan Assn.

O'QUINN, Justice.

The administrative proceeding before the Savings and Loan Commissioner, from which this appeal emanates, originated as a consolidated hearing involving application of Tyler Savings and Loan Association for a branch office in Jacksonville and the application of incorporators seeking a charter for

an association to be operated in Jacksonville under the name of Cherokee Savings and Loan Association. The Commissioner entered an order on November 18, 1974, approving the charter application and denying the application by Tyler Savings and Loan for a branch office.

Two existing associations opposed the applications before the Commissioner and thereafter sought judicial review in district court of Travis County. The trial court entered judgment affirming the action and order of the Commissioner, and the existing associations, Jacksonville Building and Loan Association and Rusk Federal Savings and Loan Association, have appealed, bringing four points of error.

Under their fourth and final point appellants complain that the trial court erred in failing to hold that it was error for the Commissioner to fail to render his decision within forty-five calendar days after close of the hearing, as required by Rules and Regulations promulgated by the Savings and Loan Section of the Finance Commission.

Hearing on the charter application was finally closed on August 7, 1974. The Commissioner's letter to the parties announcing approval of the application was issued October 10, 1974, and the order approving the application was issued November 18, 1974.

Neither action of the Commissioner complied with Rule 1.9 of the Rules and Regulations, which requires that the Commissioner "shall render his decision within forty-five (45) calendar days after the date the hearing is finally closed."

The informal announcement by the Commissioner of his decision was made known eighty-four days after close of the hearing, and the formal order was entered one hundred and twenty-three days after the hearing ended.

In *Nacogdoches Savings and Loan Association, et al. v. W. Sale Lewis, Savings and Loan Commissioner of Texas, et al.*, Tex. Civ.App., 531 S.W.2d 428, this Court today held that failure of the Commissioner to comply with the rule was error requiring that the order be set aside.

For the reasons stated in that opinion, we reverse the judgment of the trial court approving the order of the Commissioner granting the charter application for Cherokee Savings and Loan Association, and render judgment setting aside the order. The proceeding is remanded to the Commissioner.

Reversed and rendered and proceeding remanded.

PHILLIPS, Chief Justice (dissenting).

For the reasons stated in my dissent filed this day in *Nacogdoches Savings and Loan Association, et al. v. W. Sale Lewis, Savings and Loan Commissioner of Texas, et al.*, Tex.Civ.App., 531 S.W.2d 428, I respectfully dissent in this cause. I would follow our reasoning in *Lewis v. Heritage Savings and Loan Association*, 502 S.W.2d 943 (Tex. Civ.App.1973, no writ) on the point in question.