COURT OF APPEALS
DECISION
DATED AND FILED

June 28, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP722**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV734

IN COURT OF APPEALS
DISTRICT II

TODD A. BOYCE,

    PLAINTIFF-APPELLANT,

  V.

TOWN OF WINCHESTER C/O HOLLY STEVENS, CLERK, MARK BARBIERE, JEFFREY M. CASALINA, CYNTHIA A. CASALINA, DAVID A. STONE, MICHELLE STONE, NORMAN F. SUTTER, JEFFREY M. MILLER, LYNN A. MILLER, CURTIS D. RADFORD AND KATHRYN RADFORD,

    DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Winnebago County: JOHN A. JORGENSEN, Judge. *Affirmed in part and reversed in part.*

        Before Gundrum P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Todd A. Boyce appeals from an order declaring that Meyer Lane is a town road to be controlled and maintained by the Town of Winchester rather than a private drive belonging to him.  We affirm the trial court's determination that Meyer Lane is a public road under WIS. STAT. § 82.31(2)(a) (2021-22)[1] based on the Town's ten or more years of working the road as a public highway.  However, only the road that the Town actually worked is a public road; we reverse the trial court's determination that the public road includes any additional land that was not worked by the Town as a public highway.

¶2     Boyce owns the southern half of the northwestern quadrant of the northeast quarter of Section 20-20-15 in the Town of Winchester.  A depiction of the "quarter," showing its four quadrants and the parcel on which Boyce's farmstead is located, is taken from Boyce's trial exhibit and reproduced below:

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.



SECTION 20-20-15

¶3    Meyer Lane, as it is known, sits on four parcels of land that make a three-rod-wide[2] strip bisecting the quarter into northern and southern halves.[3]  It runs from the eastern border of the quarter, where it connects to Sauby Road, straight west for approximately 0.48 miles before curving north, away from the parcel lines and up to Boyce's house, leaving approximately 120 feet of the narrow strip of land shown in the image above—the land at the westernmost end

---

[2]  A rod is a unit of length (used in surveying) equal to 16.5 feet.

[3]  Three of these parcels are shown with dashed lines in the figure above.  The fourth consists of the southernmost strip of land of the northwest quadrant (on which Boyce lives).

of the strip—overgrown with brush and not navigable by vehicle. Meyer Lane's drivable surface is between nine and ten feet wide. The eastern half of the lane (where it separates the northeast and southeast quadrants) is paved, but the western half (where it separates the northwest and southwest quadrants) is gravel. At issue in this appeal is who owns Meyer Lane: Boyce or the Town.

¶4 According to historical documents in the record, Meyer Lane was created in 1947. At that time, Carl Meyer owned the southern half of the northwest quadrant of the quarter. On April 1, 1947, the Town passed a resolution that, upon written request to the Town board, any holder of a long driveway three rods wide could turn over said driveway to the Town to become a road taken over and maintained by the Town. Shortly after this resolution passed, Carl acquired from his neighbors (for a nominal price) the strips of land forming three of the four parcels described above that would underlie Meyer Lane (as owner of the entire northeast quadrant, he already owned the fourth parcel). He then made the following signed written request to the Town board on May 2, 1947: "I hereby apply to the Town board of the Town of Winchester to take over my private road and I will furnish a strip of land three rods wide." Carl also submitted an affidavit signed by himself and two witnesses indicating that Carl was turning over the road discussed in the letter.

¶5 Carl Meyer died in 1957. The Town apparently never provided any official documentation of its acceptance of Carl's offer to turn over his private road before his death. In his will, Carl left the four parcels underlying Meyer Lane (as well as the south half of the northwest quarter) to his son, who conveyed this property to his son, who in turn sold this property to Boyce in 1999. These landowners continuously paid property taxes on the four parcels underlying Meyer

Lane (as well as on the parcel consisting of the south half of the northwest quarter) from 1947 on.

¶6    Boyce filed a quiet title action in 2020 seeking a declaratory judgment establishing that he is the sole owner of Meyer Lane. At a bench trial in 2021, the court heard testimony regarding the history of the lane and the parties' actions after Carl's written request that the Town take it over as a road in 1947. There was no evidence presented that the Town formally accepted Carl's offer by written instrument. According to minutes from several of the Town's 1947 board meetings, however, board members inspected Meyer Lane along with other private roadways that had been turned over to the Town for the purpose of laying out and grading roads. And the Town consistently included Meyer Lane on official maps and inspection reports beginning in 1948.

¶7    With respect to maintenance, the Town presented evidence that it added gravel, patched holes, mowed grass, trimmed trees, and added signs for Meyer Lane for decades and that it contracted with a private party to plow snow on Meyer Lane for over thirty years, starting in 1990, with no objection from Boyce or other property owners. Boyce testified that Winnebago County chip sealed the road in approximately 2002, although he also stated that he mows the grass along Meyer Lane and fixes potholes in the road himself twice per year.

¶8    The trial court ruled for the Town, determining that Meyer Lane is a town road pursuant to WIS. STAT. § 82.31 by virtue of its having "worked this lane continuously for over ten years … [with] the sign placement, the graveling, the plowing, the mowing, [and] the County chipping and sealing … from the very least from 1991 to the present." The court noted that this work wasn't sporadic but rather consistent and continuous. The court also found that there was

"overwhelming evidence" that the Town had "accepted" Carl Meyer's dedication of the road to the Town.

¶9      After the trial court issued its ruling, Boyce filed a motion for relief from judgment seeking clarification from the court that Meyer Lane did not include the 120 feet of land west of the established roadway. The court ruled against Boyce, determining that the town road included all of the strip of land bisecting the quarter, including the 120 feet at the western edge of the quarter. The court referenced both common law dedication and statutory use as justifications for its decision. It also stated that it was "moved" by the fact that the Town intended to use the additional 120 feet of land to provide access for other parties to their property via Meyer Lane.

¶10     Boyce appeals, asserting that the trial court erred as a matter of law in holding that Meyer Lane was a public road based on either common law dedication or statutory prescriptive work. He further argues, in the alternative, that even if Meyer Lane is a public road, it cannot include the 120 feet of land west of the road.

¶11     We must affirm a trial court's factual findings unless they are clearly erroneous. *County of Langlade v. Kaster*, 202 Wis. 2d 448, 453, 550 N.W.2d 722 (Ct. App. 1996). Whether the facts constitute a public dedication is a question of law that we review de novo. *See Cohn v. Town of Randall*, 2001 WI App 176, ¶¶5-7, 247 Wis. 2d 118, 633 N.W.2d 674. Statutory interpretation and the application of facts to said statute are also questions of law subject to de novo review. *Kaster*, 202 Wis. 2d at 453.

¶12     The first issue raised by the parties is whether the trial court was correct in holding that Carl Meyer effectively made a common law dedication of

Meyer Lane to the Town. Common law dedication requires an owner's offer to dedicate land "and an acceptance of [that] offer by the municipality or by general public use." *Cohn*, 247 Wis. 2d 118, ¶6; *Galewski v. Noe*, 266 Wis. 7, 12, 62 N.W.2d 703 (1954). There is no real dispute that Carl intended to dedicate his private road to the Town, as evidenced by his 1947 written request and affidavit. The parties vigorously dispute, however, whether the Town's actions in response to Carl's offer can constitute acceptance. Boyce argues that the offer was revoked upon Carl's death in 1957 because there was no deed, plat, or other similar document demonstrating formal acceptance of Carl's offer—as he says is required by WIS. STAT. § 82.31(2)(c)—in the years between the 1947 offer and Carl's death. *See K.G.R. v. Town of East Troy*, 191 Wis. 2d 446, 450, 529 N.W.2d 231 (1995) ("[I]f the dedicator dies seized of all the property … an unaccepted offer [is] revoked by operation of law upon the death of the dedicator.").

¶13 The Town argues that its actions of surveying and adding the road to maps were sufficient to constitute informal acceptance of the offer before Carl's death because these actions demonstrated the Town's assumption of control over Meyer Lane. *See City of Beaver Dam v. Cromheecke*, 222 Wis. 2d 608, 617, 587 N.W.2d 923 (Ct. App. 1998) ("Acceptance may be shown by any act with respect to the property claimed to be dedicated that clearly indicates an intent on the part of the public to treat the dedication as accepted by it, such as where the public authorities assume jurisdiction and dominion over the property.") (citation omitted).

¶14 Had this case been brought sixty years earlier, we would have to determine whether the Town adequately accepted Carl's offer before he died. But we conclude that at present, WIS. STAT. § 82.31(2)(a) renders that issue moot. The statute provides that "any unrecorded highway that has been worked as a public

highway for 10 years or more is a public highway." As the trial court discussed, there is considerable evidence—some from Boyce himself—that the Town did work to maintain Meyer Lane "as a public highway" for more than ten years. We see no clear error in the trial court's finding that this work was continuous and consistent rather than sporadic. *See Kaster*, 202 Wis. 2d at 456 (applying § 82.31's predecessor for prescriptive maintenance of public roadways and noting that "continuous work on a road by a public entity is more likely to demonstrate ownership than sporadic work"). The Town's adding gravel, patching holes, chip sealing, mowing grass, trimming trees, and adding signs along Meyer Lane over the decades clearly shows its ownership of the road, even if Boyce also performed some maintenance on his own initiative. *See id.*

¶15 Boyce acknowledges that the Town's evidence "could support only a finding that it regularly maintained the [eastern] half of the roadway." But he asserts that the following exception in WIS. STAT. § 82.31(2)(c) applies:

> No lands granted for highway purposes that did not become a legal highway prior to July 1, 1913, shall become a legal highway unless the grant is accepted by the town board or by the town meeting of the town where the lands and proposed highway are located, and until a resolution of acceptance of the grant is recorded in the office of the town clerk.

¶16 This exception does not apply to the situation before us because there was no live grant of the road to the Town at the time that it was worked as a public highway. As Boyce has argued, Carl Meyer's "offer to dedicate went to the grave with him" in 1957. The Town's continuous work on Meyer Lane as a public highway occurred in the decades that followed.

¶17 Boyce is correct, though, when he asserts that there is no basis for the trial court's finding that Meyer Lane extends from Sauby Road on the eastern border of the quarter all the way to the western border of the quarter—in other words, that it includes the strip of land not navigable by vehicle and covered with brush. There is no evidence in the Record the Town did any prescriptive work on this land; to the contrary, the snowplow driver who plowed Meyer Lane for decades agreed on cross-examination that he would plow the lane driving west from Sauby Road and then "turn[] around in the vicinity of Mr. Boyce's home" to drive east back to Sauby Road.[4] The trial court's stated preference of extending the road so as to offer increased access for nearby property owners does not change the analysis. Thus, there is no basis for that court's finding that this additional portion of land is a public roadway, and we reverse the trial court's February 1, 2022 order, to the extent it includes this land.

¶18 For the foregoing reasons, we affirm the trial court's ruling dated February 1, 2022, that Meyer Lane is a public roadway under WIS. STAT. § 82.31(2)(a). We reverse to the extent that the court's order includes as part of the public roadway the land just west of Meyer Lane that was never worked by the Town or part of an established road.

---

[4] To the extent the Town argues that Carl Meyer's grant could have included this 120 feet of land, we note that Carl's offer was only for "[his] private road." Moreover, as we have explained, there is no evidence of formal acceptance of Carl's offer and the issue of whether there may have been a legally sufficient informal acceptance is still moot, since the Town has offered no evidence of any intent to assume control of this section of land. *See City of Waukesha v. Town Bd.*, 198 Wis. 2d 592, 608, 543 N.W.2d 515 (Ct. App. 1995) (observing that this court need not decide other issues raised when one issue is dispositive of the appeal).

*By the Court.*—Order affirmed in part and reversed in part.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.